## Greller *v.* Hortter Building Corporation, Appellant.

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Simon Mustokoff,* for appellant.

*Howard Saul Marcu,* with him *Daniel Marcu,* and *Marcu, Marcu & Marcu,* for appellee.

OPINION BY FLOOD, J., April 12, 1962:

The plaintiff sued the defendant for breach of a general warranty in a deed from the defendant to the plaintiffs conveying premises 983 Indian Creek Road, Jenkintown, Pennsylvania. The complaint alleges that the defendant created an easement over the plaintiffs' premises in favor of the adjoining property, 977 Indian Creek Road, in a prior deed conveying that property to Frank V. Scaramuzzo and his wife and that no reference to this easement was contained in the defendant's deed to the plaintiffs. The defendant's complaint to join the appellee, Philadelphia Title Insurance Com-

pany, as an additional defendant avers that the title company, acting as the agents for the Scaramuzzos, had supervised and instructed the defendant in the creation of the easement in the deed to that property and had recorded that deed. It further states that the officers, agent and employes of the title company knew of this deed and had all the information pertaining to it in its title plant when it issued a settlement certificate for premises 983 Indian Creek Road to the plaintiffs, who had orally engaged the company to examine and search the title and arrange for final settlement and conveyance. The complaint further avers that the company did not disclose the easement to the plaintiffs on the settlement certificate and that the defendant, relying upon that settlement certificate, executed the deed to the plaintiffs without excepting the easement. It claims that any loss sustained by the plaintiffs resulted from the. title company's failure to perform its duty as an expert and to .use the information in its possession. Paragraph fourteen of the complaint to join the additional defendant reads as follows: "14. Defendant joins the Philadelphia Title Insurance Company to protect its right of contribution and its right of subrogation for the additional defendant's breach of duty to the Hortter Building Corporation, the defendant as a party entitled to protection by reason of the contract between the plaintiffs and the Philadelphia Title Insurance Company and its right of contribution in general if it should be determined that the defendant is either severally liable to the plaintiffs or jointly liable with the additional defendant to plaintiffs; the existence of any liability on the part of the Hortter Building Corporation being expressly denied."

The court below sustained preliminary objections to the defendant's complaint upon the ground that the cause of action alleged therein was entirely foreign to the cause of action pleaded by the plaintiffs.

Under Pa. R. C. P. 2252(a) a defendant may join as additional defendant only one who is liable on the cause of action declared upon by the plaintiff. *Josal, Inc. v. Rolling Park Homes, Inc.,* 195 Pa. Superior Ct. 646, 171 A. 2d 830 (1961). Plaintiffs here sued the defendant for breach of a general warranty in a deed given by the defendant to the plaintiffs. The defendant's claim against the additional defendant is based upon some asserted right under a contract of the plaintiffs with the additional defendant whereby the latter allegedly undertook to examine and search the title and arrange for final settlement and conveyance. As the court below pointed out, a claim on that contract constitutes an entirely different cause of action from that sued on by the plaintiffs.

Order affirmed.