Nichols *v.* American Casualty Company of
Reading, Appellant.

Argued March 23, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Robert J. Healy*, with him *Robert E. Wayman*, and *Dickie, McCamey, Chilcote & Robinson*, for appellant.

*R. T. Mutzabaugh*, with him *Mutzabaugh & Mutzabaugh*, for appellee.

Opinion Per Curiam, May 3, 1965:

Harold Jordan filed an action of trespass against the Motor Inn Filling Station for injuries sustained in a fire which occurred while he was transferring gasoline from a tank transport truck to bulk storage tanks of Motor Inn. Since Jordan was employed by the Kendall Refining Company, Motor Inn joined Kendall as an additional defendant. The jury found for Jordan in the sum of $50,000 against both Motor Inn and Kendall. However, Kendall's obligation was discharged because of workmen's compensation payments made to Jordan by the Pennsylvania Manufacturers Association Casualty Insurance Company, Kendall's insurance carrier. The balance, $34,705.06 was paid by Motor Inn.

At the time of the accident Motor Inn was insured by the American Casualty Company of Reading, Pennsylvania, which Motor Inn, in this present action, sued to recover the $34,705.06 it had paid Jordan. The American Casualty Company filed an answer and new matter alleging that the general liability policy in force between Motor Inn and it was not applicable to the specific Jordan accident since other insurance was contained in a policy between the Pennsylvania Manufacturers Association Casualty Insurance Company and

Kendall. Accordingly, the American Casualty Company, original defendant, filed a complaint to join the Pennsylvania Manufacturers Association Casualty Company as an additional defendant, claiming that it should pay Motor Inn under the terms of its policy with Kendall.

Pennsylvania Manufacturers filed preliminary objections to American Casualty's complaint to join it as an additional defendant, averring (1) that the joinder was improper in that it was based on a cause of action not the same as the one declared upon by Motor Inn; and (2) that the allegations of the complaint against it fail to make out a cause of action.

The court below held: "However, even assuming that there was coverage and a cause of action does exist in favor of the plaintiffs and against the additional defendant, this cause of action is not the same as that declared upon by the plaintiffs against the defendant and may not be joined together under Pennsylvania Rule of Civil Procedure 2252(a)."

We agree with this finding and conclusion. The claim of the original defendant against the additional defendant is separate and apart from the cause of action between the plaintiff and the original defendant. In order for there to be liability to the plaintiff on the part of the additional defendant on its policy of insurance with Kendall under the terms of that policy, the original defendant would have to prove that the negligence which caused Jordan's injuries occurred in such a manner as to bring it under the loading and unloading clause of that policy, a fact which was not determined by the jury's verdict in the negligence case. It is thus clear that the claim of the original defendant against the additional defendant raises issues which play no part in the cause of action alleged by Motor Inn against its insurance carrier, the original defendant.

To permit such a joinder would complicate and becloud the issues raised in the original suit. As this Court stated in *Land Title Bank & Trust Company v. Cheltenham National Bank*, 362 Pa. 30, the rule of permissive joinder "was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant."

Accordingly, we affirm the action of the court below in sustaining the additional defendant's preliminary objections to the complaint against it and in dismissing the complaint.

Order affirmed; each party to bear own costs.

Mr. Justice ROBERTS concurs in the result.