## Caldearo v. County of Delaware

*Anthony A. Raffo*, for plaintiff.

*Norman Snyder*, for defendant.

*Ralph B. D'Iorio*, for additional defendant.

LIPPINCOTT, J., October 19, 1970.—Plaintiff instituted this action in trespass against defendant, County of Delaware, alleging that he was injured while helping to affix lighting fixtures to poles erected by defendant, when the pole on which he was working broke, causing him to fall to the ground. Defendant thereafter filed a complaint to join plaintiff's employer as an additional defendant, averring that plaintiff's injuries were caused by additional defendant's negligence in failing to supply plaintiff with the proper equipment to work on the poles. Defendant also alleges that the additional defendant had agreed to indemnify defendant for any damage or injury occurring on the job.

Additional defendant has filed preliminary objec-

tions to defendant's complaint in the form of a motion to strike the complaint as a misjoinder of two separate and distinct causes of action, which are now before the court en banc for consideration.

The right to join an additional defendant is set forth in Pa. R. C. P. 2252(a), as amended. See official text of rule printed in 434 Pa. lxxii:

"(a) In any action the defendant or any additional defendant may as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the *joined* party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." (Italics supplied.)

Parenthetically, it should be noted the rule provides that it is ". . . effective September 1, 1969 and shall apply to actions then pending." In view of this provision, it was agreed by counsel for defendant and additional defendant at oral argument that the amended rule should be applicable and controlling in the instant case, even though the complaint to join the additional defendant was filed prior to September 1, 1969.

Additional defendant has based his argument solely upon a typographical misprinting of Pa. R. C. P. 2252(a) appearing in Purdon's Pennsylvania Statutes Annotated and the Pennsylvania Rules of Court (1970), both of which are widely used by the bar. The emphasized word "joined" has been incorrectly published as "joining" in these volumes, leading to considerable confusion. For the reasons set forth in our opinion in Connors v. Arters Brothers, Inc., 50

D. & C. 2d 87 (1970), filed contemporaneously herewith, we conclude that the manifest intention of the Supreme Court in adopting the 1969 amendment was to expand the rule to permit defendant to join as an additional defendant one against whom he has a claim arising out of the same occurrence as does plaintiff's claim.

In the instant case, defendant relies upon two grounds in his complaint to join plaintiff's employer as additional defendant: (1) that additional defendant had agreed to indemnify defendant against any and all injury or damage occurring on the job to any person, including plaintiff, and (2) that additional defendant was negligent in failing to supply proper equipment to plaintiff.

With respect to the first ground, prior to the 1969 amendment, it was well settled that an additional defendant could not be joined on the basis of an express contractual duty to indemnify the original defendant. The reason was that a cause of action arising from an express contract of indemnity is not based upon the cause of action declared upon by the plaintiff, as required by the rule. See Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A. 2d 689 (1960); Wampler v. F. C. Haab Co., Inc., 401 Pa. 178, 162 A. 2d 389 (1960).

Although no cases on point have been brought to the court's attention, it would certainly appear that the 1969 amendment has abolished this absolute limitation. Factually, in almost every indemnification case, and certainly in the case at bar, plaintiff's claim against defendant and defendant's claim against his indemnifier, the additional defendant, arise out of precisely the same occurrence or series of occurrences. To deny joinder under such circumstance would be to ignore totally the 1969 amendment and the plain intent of the Supreme Court amend-

ment. For concurrence, see 4A Anderson Pa. Civ. Pract. §2252.37 (1970).

As for the second basis for joinder, defendant further alleges that plaintiff's injuries were caused by the negligence of additional defendant in failing to supply plaintiff with proper equipment to work on the poles. Additional defendant argues from this that the cause of action declared upon by plaintiff is limited to defendant's alleged negligence, and that defendant is introducing a separate and distinct cause of action by pleading the alleged negligence of additional defendant.

The position taken by additional defendant is untenable. As is pointed out in Goodrich-Amram Civil Practice, §2252(a)6: "The phrase 'alone liable . . . on the cause of action declared upon' should not be literally construed for no one but the original defendant can be liable upon the cause of action which the plaintiff declares against him."

In Rau v. Manko, 341 Pa. 17, 17 A. 2d 422 (1941), the Supreme Court of Pennsylvania reasoned as follows:

"One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose."

In the case at bar, plaintiff alleges that defendant's alleged negligence was the proximate cause of his injuries. For an obvious reason, he has not alleged any negligence on the part of his employer. Additional defendant would argue that Pa. R. C. P. 2252(a) gives plaintiff the exclusive right to determine the proxi-

mate cause of his injuries from among several possible negligent actors. With this, we cannot agree.

In Crawshaw v. American Legion Home Association, 32 D. & C. 2d 167 (1963), plaintiff brought a trespass action against the operator of a bar and restaurant for negligently failing to protect plaintiff from an assault committed on plaintiff by another customer. The court, in permitting defendant to join the other customer as additional defendant on the theory that his assault was the proximate cause of plaintiff's injuries or at least contributed thereto, stated:

"In view of the above actions of our courts, it is obvious that the 'cause of action declared upon' is not strictly interpreted. We believe it means the wrongful act arising from the set of circumstances averred by plaintiff without giving plaintiff the exclusive right to say what the wrongful act was. In other words, plaintiff cannot, by his initial election, bar a determination of the true cause of action in one trial."

At the trial of this action, if joinder be permitted, the trier of fact must simply decide, on the issue of negligence, whether the proximate cause of plaintiff's injuries was (a) defendant's failure to maintain its poles properly or to warn plaintiff of the condition thereof; or (b) additional defendant's failure to supply plaintiff with proper equipment; or (c) both or neither. We thus fail to see how joinder unduly complicates this issue.

We, therefore, enter the following:

### ORDER

Now, October 19, 1970, additional defendant's preliminary objections are overruled.