## Mangin v. Huntingdon, Inc.

*Donald L. Toner,* for defendant.
*Stephen B. Harris,* for additional defendants.

BECKERT, *J.*, January 21, 1976.—We have before us the interesting question of whether the original defendant in a quiet title action can join as additional defendants his grantors, averring that the grantors are liable over to defendant, in the event plaintiffs are successful, on the basis of a warranty clause contained in the original defendant's deed from the additional defendants.

The additional defendants contend that such a joinder is improper and have filed preliminary objections in the nature of a demurrer against defendant, seeking therein to have the complaint dismissed against them.

We would agree with additional defendants' position if we were operating under Pa. R.C.P. 2252(a) prior to the 1969 amendment (Wampler v. F. C. Haab Co., Inc. et al., 47 Del. Co. 232 20 D. & C. 2d 523, (1959), affirmed 401 Pa. 178, 162 A.2d 389 (1960); Cowles v. Lagana et al., 23 Beaver 200 (1962)), or if the original defendant was asserting sole liability of the additional defendants to the plaintiffs: Bowling v. Stanton Estate et al., 15 Adams 10 (1973).

However, defendant is not asserting that additional defendants are solely liable to plaintiff, nor are we dealing with the procedural rules prior to the 1969 amendment. The present Pa. R.C.P. 2252(a) states:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against

the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

From the above, it is apparent that the amendment permitted the joinder of a cause of action exclusively between the original defendant and additional defendant on which plaintiff could not have sued if it arose out of the same factual background as plaintiff's action against defendant. The amendment to this rule should be given a broad interpretation, and, as stated in Ragan v. Steen, et al., 229 Pa. Superior Ct. 515, 331 A.2d 724 (1974): "The purpose of these amendments was to provide a short cut procedure for disposing of matters involving numerous parties with divergent interests."

While we are aware that plaintiff's action is in rem and defendant's action against additional defendants is upon a contract, we do not view this as being fatal to defendant's right of joinder. In Shaffer v. Algatt, 60 D. & C. 2d 571 (1973), which was an ejectment action, the court allowed the original defendant to join, as additional defendant, defendant's grantor, contending by that joinder that, if plaintiff's allegations were found to be true, this would constitute a breach of the general warranty contained in the additional defendant's deed to defendant. In the Shaffer case, the additional defendant, as in the present case, argued that the joinder should be stricken because it seeks to assert a different cause of action than was asserted in plaintiff's complaint. The Shaffer court in dismissing this argument used the following language which we find to be applicable in our case, pages 573, 574:

"This court was faced with a similar argument in Orth v. D. & C. Spinosa Company, 49 D. & C. 2d 419, 34 Lehigh 38, where the original action was in assumpsit and defendant's cause of action against the additional defendant sounded in trespass. We there said: 'Suffice it to say that we do not find in the amended rule [No. 2252(a)] the limitation which the additional defendant would have us impose; nor do we foresee in such joinder any trial difficulties that will not be obviated by appropriate jury instructions.'

"It is to be observed that the Court of Common Pleas of Delaware County reached a similar result in Caldearo v. County of Delaware, 50 D. & C. 2d 147. In that case, joinder was permitted where the original action was based on negligence and defendant's cause of action against the additional defendant was based on a contract of indemnity. See also Schladensky v. Ellis, 442 Pa. 471, 475; 4A Anderson Pa. Civ. Prac. §2252.9, et seq. (1972 Pocket Parts)."

The only distinction which we can see between the instant case and Shaffer is that, in the former, plaintiff is claiming title through a person other than defendant's grantor, but, nevertheless, it is the deed of the additional defendants to defendant that placed defendant in "title" and it is, therefore, the transaction or occurrence which has produced the instant action.

We also fail to perceive how the fact of defendant's cause of action against the additional defendants being contingent upon recovery by plaintiffs is fatal to defendant's joinder. This is normally the case where additional defendants are joined. Pa. R.C.P. 2252(a) is to be liberally construed to accomplish the purpose of avoiding multiplicity of

suits and allowing the rights of all parties to be adjudicated in a single action: Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 299 A.2d 19 (1972).

Finally, defendant contends that Pa. R.C.P. 1061, which governs actions to quiet title, has been interpreted as not granting a right to a jury trial. With this statement, we agree: White v. Young, 409 Pa. 562, 567, 186 A.2d 919 (1963); Warehouse Bldrs. & Supply, Inc. v. Perryman, 215 Pa. Superior Ct. 413, 421, 257 A.2d 349 (1969). And, therefore, so contends plaintiff, by allowing this joinder which sounds in assumpsit and would be a claim for money damages, he is being deprived of his fundamental right to a jury trial. While this position may be correct, we do not feel that we are, at this juncture, required to pass on that question. The action is one to quiet title and the cases cited by the additional defendants could well be used for the reverse argument, namely, that a jury trial is not a fundamental right vesting in the additional defendant. However, at this point, no demand has been made for a jury trial (see Pa. R.C.P. 1007.1) and, therefore, we cannot assume that a jury trial will, in fact, be requested. If one is later requested and it is later determined that the additional defendant has a right to a jury trial, the court would have the severance procedure of Pa. R.C.P. 213(b) available and, therefore, try the question of title between plaintiff and defendant first and without a jury and, if plaintiff is successful, then proceed to trial with a jury on the remaining question of the damages, if any, that resulted to defendant as a result of the breach of additional defendants' warranty. (Such a procedure was followed in Bollinger v. Central Pennsylvania Construction Co., 1 Carbon 176 (1966), an action in equity where the court found

for plaintiff in an action for reformation of a contract and then referred to a jury the issue of the amount of plaintiff 's damage.)

Therefore, in accordance with the above, we enter the following

## ORDER

And now, January 21, 1976, additional defendants' preliminary objections are hereby dismissed. Leave is granted to additional defendants to file an answer to defendant's complaint within 20 days from the date hereof.