## General Felt Industries, Inc. v. Penn-Dion Corporation

*Frederick E. Smith, Jr.,* for defendant.
*Richard W. Hopkins,* for defendant.

SHOYER, *J.*, February 23, 1981—Plaintiffs herein commenced this action on July 13, 1979 seeking recovery for damages sustained when their goods stored in defendant Penn-Dion Corp.'s (hereafter Penn-Dion) warehouse were destroyed as a result of said defendant's negligence. A fire had destroyed Penn Dion Corp.'s warehouse located at 969 North 2nd Street, Philadelphia, Pa.

At the time of this fire there was, in force, an insurance contract with the additional defendant Eagle Star Insurance Company of America. The policy provided liability coverage as follows:

"The company will pay on behalf of the insured all sums which the insured shall become legally

obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigations and settlement in any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exonerated by payment of judgments or settlements."

The policy further provided an exclusion as to property in the care, custody or control of the insured as follows:

"(1)(k)(3) Exclusions. This insurance does not apply . . . (k) to property damage to . . . (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control."

Defendant Eagle maintained that it was under no duty to defend as plaintiffs' goods destroyed in the fire were in Penn-Dion's "care, custody and control" thereby excluding them from coverage under the aforementioned exclusion provision. Subsequently Penn-Dion Corp. joined Eagle as an additional defendant in this action by writ of summons on August 25, 1980 and served Eagle with a complaint on October 14, 1980. Thereafter, Eagle filed prelimi-

nary objections to its joinder as an additional defendant. These preliminary objections asserted that Eagle, as a general liability insurance carrier, was neither directly or indirectly culpably involved in the underlying incident giving rise to plaintiffs' tort action nor jointly or severally liable with Penn-Dion.

By order of this court dated December 22, 1980 Eagle's preliminary objections were dismissed and leave was granted to file an answer to Penn-Dion's complaint within 20 days.

Presently, Eagle has asked this court to reconsider its original order since it believes our decision "sanctioned a radical departure from past practice in the Commonwealth with regard to the joinder of additional defendants." With this contention, this court cannot agree.

Prior to its amendment in 1969, Pa.R.C.P. 2252(a) allowed joinder of a party as an additional defendant who was liable "on the cause of action declared upon by the plaintiff." Under this rule, the decisions uniformly held that an express indemnitor could not be joined as an additional defendant in an action of trespass. The indemnitor's liability, if any, was dependent upon an express contract and, therefore, was distinct from the cause asserted by plaintiff against defendant. See Nichols v. American Casualty Co. of Reading, 418 Pa. 119, 209 A. 2d 855 (1965); Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A. 2d 689 (1960); Wampler v. F. C. Haab Co., Inc., 401 Pa. 178, 162 A. 2d 389 (1960). See, also, Greller v. Hortter Building Corporation, 198 Pa. Superior Ct. 32, 179 A. 2d 666 (1962).

In 1969 Pa.R.C.P. 2252(a) was amended and now permits joinder in the following situations:

"(a) In any action the defendant or any addi-

tional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

This amended rule has expanded the right of joinder to include the situation where a defendant wishes to assert against an additional defendant a cause of action which, although not the same cause of action alleged by plaintiff, is based upon or related to the same transaction or occurrence upon which plaintiff's cause of action is based: Szemanski v. Vulcan Materials Co., 272 Pa. Superior Ct. 240, 415 A. 2d 92 (1979).

In 8 Goodrich-Amram 2d §2252(a):8.1, it is suggested that under this new rule "[a]lmost unlimited joinder is permitted where the claims arise out of the same factual background. . . ." Its purpose is to avoid multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence or series of transactions and occurrences which gave rise to plaintiff's action: American Metal Fabricators Co. v. Goldman, 227 Pa. Superior Ct. 284, 323 A. 2d 891 (1974); General State Authority v. Coleman Cable & Wire Co., 32 Pa. Commonwealth Ct. 117, 377 A. 2d 1291 (1977). To achieve this purpose, the amended Rule 2252(a) is to be given a broad interpretation: Free v. Lebowitz, 463 Pa. 387, 344 A. 2d 886 (1975); Harker v. Farmers Trust Co., 248 Pa. Superior Ct. 427, 375 A. 2d 171 (1977).

In two recent opinions, our Superior Court addressed itself to the far-reaching effects of amended Pa.R.C.P. 2252(a).

In one, Szemanski v. Vulcan Materials Co., supra, plaintiff filed a complaint in trespass alleging that he had been injured as a result of defendant's negligence. Defendant therein attempted to join United Maintenance, Inc. as an additional defendant, alleging that because United had agreed in a written contract to indemnify defendant, United either was solely liable to plaintiff or jointly liable with defendant. The court in permitting the joinder stated at 272 Pa. Superior Ct. 240, 415 A. 2d 92:

"When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged by the plaintiff, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiff, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based."

Then in Eads v. Smith, _____ Pa. Superior Ct. _____, 419 A. 2d 129 (1980), defendant therein joined an additional defendant. Defendant alleged in the complaint that the additional defendant is an insurance agent authorized to issue insurance policies of State Farm Mutual Insurance Company from whom he purchased insurance. State Farm denied that insurance coverage was in effect at the time of the accident and refused to represent defendant in the action. In the first count of the com-

plaint, defendant sought recovery on the basis that the additional defendant was liable over to him on the cause of action pleaded in plaintiff's complaint.

The court, after considering Rule 2252(a) and the 1969 amendment thereto, ruled that the joinder of the insurance agent as an additional defendant is permitted.

When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged by plaintiffs, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiffs, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which plaintiffs' cause of action is based.

The additional defendant argues that we should not permit joinder in this case because the evidence which defendant will present at trial to prove additional defendant's liability will differ from the evidence which plaintiffs will present to prove defendant's liability and thus will confuse the jury. We conclude that this is not a sufficient basis to disallow joinder under Rule 2252(a). Pursuant to Pa.R.C.P. 213(b), the trial court may order a separate trial of defendant's claims against the additional defendant if it finds that severance would promote convenience or avoid prejudice.

The additional defendant argues further that the disclosure of the existence of liability insurance will prejudice their case. This too is without merit.

The 1969 amendment was intended to modernize additional defendant practice. The language of the amended rule is broad enough to permit the joinder

of express indemnitors. The Supreme Court has suggested that the rule be given a broad interpretation in order to achieve its intended purpose of eliminating multiple lawsuits arising from the same occurrence or series of occurrences. See Free v. Lebowitz, supra. A concealment of the existence of insurance should not be allowed to impede the accomplishment of the salutary purpose of Rule 2252(a). If concealment of the existence of insurance continues to serve a viable purpose, then the joinder of an insurer can be denied on grounds of policy. Alternatively, to avoid prejudice, the trial court, on motion of a party or by its own initiative, may order a separate trial of defendant's cause of action against the indemnitor: Pa.R.C.P. 213(b). Certainly the desire to avoid reference to insurance furnishes no satisfactory reason to deny joinder of an indemnitor whose alleged duty to indemnify depends, as it does in the instant case, upon a clause in an insurance contract. If, on the other hand, the rule requiring non-disclosure of insurance coverage is a useless relic of bygone days, a rule which ignores the sophistication of jurors who invariably assume the existence of liability insurance in negligence cases, then it should be laid to rest. It should not prevent the consolidation in one action of the multiple legal and factual issues arising from the same transaction or occurrence.

For these reasons we deny the motion to reconsider Eagle Star Insurance Company's preliminary objections to its joinder as an additional defendant and again overrule said preliminary objections with leave to file an answer to Penn-Dion's complaint.

## ORDER

And now, February 23, 1981, upon consideration

of additional defendant's motion to reconsider Eagle Star Insurance Company's preliminary objections to its joinder as an additional defendant and defendant Penn-Dion Corporation's answer thereto, it is hereby ordered that said motion is denied in accordance with the accompanying memorandum opinion, and the additional defendant is granted leave to file an answer to defendant Penn-Dion Corporation's complaint within 20 days of the date of this order.