No. 47,347

UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, STANLEY E. PFANNENSTIEL, a minor, by CONNIE E. PFANNENSTIEL, his Father and next friend, and CONNIE E. PFANNENSTIEL, *Appellees*, v. CONTINENTAL INSURANCE COMPANY, a corporation, CLARENCE J. ROHR, GARY L. ROHR, a minor, *Appellants*, and LARRY MORRIS, *Appellee*.

(531 P. 2d 9)

Opinion filed January 25, 1975.

*Edwin P. Carpenter*, of Topeka, argued the cause, and *Lee Turner* and *Raymond L. Dahlberg*, of Turner, Chartered, of Great Bend, were on the brief for the appellants.

*Thomas C. Boone*, of Hays, argued the cause for appellee Larry Morris; *Edward Larson*, of Jeter and Larson, of Hays, argued the cause for appellee United States Fidelity and Guaranty Company; all appellees, including Stanley E. Pfannenstiel and Connie E. Pfannenstiel, represented by *Robert F. Glassman*, of Hays, joined in and adopted appellants' brief.

The opinion of the court was delivered by

HARMAN, C.: This is a declaratory judgment action wherein the parties seek determination whether defendant-appellant Continental Insurance Company's policy covers plaintiff-appellee Stanley E. Pfannenstiel, including the corresponding duty to defend him in a separate damage action. The trial court dismissed the action and this appeal ensued.

Initially, the parties and their relation to the action should be identified. United States Fidelity and Guaranty Company issued its liability policy of insurance on a vehicle owned by Connie E. Pfannenstiel, which policy covered his son, Stanley E. Pfannenstiel. Continental Insurance Company issued Clarence J. Rohr a policy covering his 1965 Ford Mustang. The policy's omnibus clause provided liability coverage to any person using the vehicle with permission of the named insured. Gary L. Rohr is the son of Clarence J. Rohr.

On either July 14 or 15, 1972, Stanley Pfannenstiel, while driving the 1965 Ford Mustang owned by Clarence Rohr and insured by Continental, struck and injured Larry Morris. Thereafter USF & G requested Continental to take over the investigation and defense of the potential claim by Morris. Continental refused and denied coverage on the ground Stanley Pfannenstiel was operating the Rohr vehicle without the permission of its named insured.

On January 26, 1973, Larry Morris filed in the district court of Ellis county, Kansas, a tort action against Stanley Pfannenstiel claiming $746,436.20 damages as a result of the collision in July, 1972. On February 6, 1973, Morris filed an amended petition naming Clarence Rohr as an additional party defendant in the negligence action.

The present action, brought by USF & G and its two insureds, Stanley Pfannenstiel and his father, was filed February 16, 1973, in the district court of Ellis county, Kansas. Named as defendants were Continental, Gary Rohr and his father, Clarence Rohr, and Larry Morris. The plaintiffs asserted Stanley Pfannenstiel had implied permission of Clarence Rohr to operate the vehicle; that Continental should provide coverage for Morris' claim; Continental's coverage was primary and it should provide the defense in the Morris tort action. Continental and the Rohrs thereafter filed an answer denying that Stanley Pfannenstiel had either express or implied au-

thority to operate the Rohr vehicle; they requested the court to determine that Stanley Pfannenstiel was not covered under Continental's policy and that USF & G be determined primarily and solely liable for defense of the Morris action and any judgment rendered in it.

On July 2, 1973, at a hearing before the trial court on a motion to advance the present action, the court indicated it thought a ·declaratory judgment might be premature and moot and that the issue of which insurer should defend could be handled through third party practice under K. S. A. 60-214. The parties submitted briefs on the matter and thereafter the court dismissed the declaratory judgment action. In doing so it made the following findings and rulings:

"No. 1

"This is not a case for interpretation of written instruments. The written instruments (insurance policies) are clear in their meaning and there is no dispute of their meaning.

"No. 2

"This is a case of asking trial of a factual issue, namely whether the driver of an automobile had authority or permission, expressed or implied, by the owner thereof at the time of a specific automobile collision, which is the subject of another action in this court, namely case No. 15,514, wherein Larry Morris (defendant herein) is plaintiff and Stanley E. Pfannenstiel and Clarence J. Rohr (defendants herein) are defendants.

"No. 3

"The factual issue referred to above in finding 2 is one of the factual issues in case No. 15,514 as shown by the pleadings therein.

"No. 4

"The Kansas decisions have upheld the position that bodily injury and property damage liability in automobile insurance policies means substantially indemnity liability for judgments; and insurance companies are zealous in their contention that they are legally immune from suit until after judgment has been obtained against their policy holders.

"No. 5

"The Court finds that Stanley E. Pfannenstiel, plaintiff herein and defendant in case No. 15,514, as well as Clarence J. Rohr, defendant in both actions, have complete statutory remedy in third party practice provided by K. S. A. 60-214.

"No. 6

"The factual issue of authority or permission of a driver at the time of automobile collision in case No. 15,514, should not be made the subject of a separate action for declaratory judgment, namely this case No. 15,530.

"No. 7

"The question of separation of issues for trial or waiver of jury for trial of specific issues in case No. 15,514, should be submitted to the court in that case for the court's consideration.

"No. 8

"The Court finds that this case, No. 15,530, should be dismissed because there is already a case pending in this court, namely No. 15,514, involving the same subject matter and the same personal parties, and wherein the corporate parties may be brought into the action by third party practice provided in K. S. A. 60-214."

Continental and the two Rohrs have appealed from the judgment dismissing the declaratory action. They contend the trial court erred in concluding Clarence Rohr possesses a statutory remedy under third party practice to litigate the coverage and defense issues involved here and further in dismissing the present action because a prior action was pending in the same court involving the same subject matter and the same personal parties and wherein the corporate parties' rights might be litigated under third party practice.

Appellees USF & G, the two Pfannenstiels and Larry Morris have filed no separate brief. Instead they have requested and received permission to join in and adopt the brief filed by appellants. Their oral argument here has generally coincided with appellants' position. Appellee Morris' counsel has indicated throughout the course of this action that he believes quick settlement will ensue in the tort action once the declaratory judgment action is decided. Although the parties' positions here are thus one-sided our concern is not only that justice be done between them but also that due regard be given to precedent, past and for the future, under the particular circumstances.

One objective of the declaratory judgment action was to determine whether under its policy Continental had the duty to defend Stanley Pfannenstiel as an additional insured under its omnibus clause. This court has long recognized that an insurer is not bound to defend its insured in an action brought wholly outside any coverage obligations assumed in the policy (*Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 512 P. 2d 403) however, liability coverage and the duty to defend under an automobile policy not infrequently depend on the facts and circumstances under which a particular vehicle has been operated (see, *e. g.*, *Gangel v. Benson*, 215 Kan. 118, 523 P. 2d 330). And an insurer must consider any facts brought to its attention, or which it could

reasonably discover, in determining whether a "potential of liability" exists under its policy so that it has a duty to defend (*Spruill Motors, Inc. v. Universal Underwriters Ins. Co.,* supra).

Statutory authority for declaratory judgment actions, if any be needed, has long existed in Kansas. K. S. A. 60-1701 provides:

"In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceedings shall be open to objection on the ground that a judgment or order merely declaratory of right is the only relief requested. . . ."

K. S. A. 60-257 and 60-1702 recognize the right to trial by jury where such actions involve the determination of issues of fact.

Appellants argue that in this case two insurers are in good faith seeking to determine their obligation to provide a defense in a tort action against an individual who may be insured by them and that the trial court has arbitrarily and unreasonably frustrated their attempt and has foreclosed any possibility of settlement in the damage action. They point out neither insurer was a party to the tort action and they assert a third party petition to determine whether either has an obligation to defend is unauthorized and would be improper.

The use of a declaratory judgment action, generally at the instance of the insurer prior to the commencement of a tort action, to determine the insurer's liability with respect to particular matters of coverage is well known. Such actions have been used primarily to adjudicate questions of law, such as interpretation of policy clauses, although actions involving issues of fact are not precluded so long as they are merely incidental to the determination of the main issue (see 5 Vernon's K. S. A. Code of Civil Procedure, § 60-1701, p. 488). However, there is no absolute right to maintain such an action. The rule has been that the granting of relief by way of declaratory judgment rests largely in the trial court's discretion (22 Am. Jur. 2d, Declaratory Judgments, § 9; 10 Wright & Miller, Federal Practice and Procedure: Civil § 2759). This principle applies as well where the issue is the existence of liability insurance coverage or the duty to defend (20 Appleman, Insurance Law and Practice, § 11351; 18 Couch on Insurance 2d §74: 130). Appellants emphasize that K. S. A. 60-257 provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. A

similar provision is contained in the federal rules of civil procedure, respecting which, in 10 Wright and Miller, *supra,* § 2758, it is stated:

"Thus the general principle is, as stated in the rule, that the existence of another adequate remedy does not bar a declaratory judgment. The court, however, in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, properly may refuse declaratory relief if the alternative remedy is better or more effective.

"The same principles control if there is a pending action raising some of the questions posed by the declaratory action. The pendency of the other suit does not bar declaratory relief if the issues in the declaratory action will not necessarily be determined in the other suit. Even if the parties and the subject matter are the same in both actions, the pendency of a prior action in another federal district court does not necessarily require dismissal of the declaratory judgment action. But the declaratory action may be dismissed or stayed if the other suit will satisfactorily resolve the controversy between the parties." (pp. 770-773.)

The trial court here based its dismissal upon three circumstances: The parties sought resolution of a fact issue; the same fact issue was involved in a pending action, and the insurers could be impleaded in the pending action wherein the issue could be resolved. We have precedent as to each. In *Alliance Mutual Casualty Co. v. Bailey,* 191 Kan. 192, 380 P. 2d 413, a case where the first circumstance above was involved, we held:

"While a declaratory judgment action may be maintained although it involves the determination of a disputed question of fact, it may not be used where a question of fact is the main issue or where the object of the action is to try such fact as a determinative issue." (Syl. ¶ 2.)

Although the foregoing may be diluted by the subsequent direction in 60-257 that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate, we think that ordinarily declaratory judgment action should not be used where a question of fact is the main issue or where the object of the action is to try such fact as a determinative issue.

Respecting the second circumstance, we note *State Automobile & Casualty Underwriters* v. *Gardiner,* 189 Kan. 544, 370 P. 2d 91, a declaratory judgment action brought after another suit involving the same issue had been filed. There the insurer's liability policy covered M's trucks and persons using them with M's permission. G was involved in a collision while using one of the trucks. As a result tort actions were filed against G and M. The insurer sought declaratory judgment that G did not have M's permission to drive

the truck; therefore the insurer had no duty to defend G nor was it liable to the plaintiffs in the tort actions. This court reversed, holding:

"The record is examined in an appeal in a declaratory judgment action where the face of the petition shows the controversy sought to be determined by plaintiff (insurer) actually is an attempt to deny liability under an automobile insurance policy, and where the record includes exhibits in the form of petitions in four separate and independent tort actions against defendant growing out of the same accident, but in which plaintiff here is not a party, it becomes apparent that for this court to determine the controversy for which this declaratory judgment action was brought would predetermine a very cogent element of the above-mentioned separate tort actions. Such is not the purpose for seeking relief by declaratory judgment, and it is *held*, the trial court erred in entertaining the action." (Syl.)

The third reason for dismissal given by the trial court was that the insurers could be impleaded in the tort action and the issue of the duty to provide a defense and coverage could be litigated in that action. Despite appellants' contentions to the contrary we must agree. Although its propriety was not challenged such impleader in a tort action of two contesting insurers occurred in a comparable factual posture in *Gangel* v. *Benson,* supra. Our third party practice (K. S. A. 1973 Supp. 60-214) is modeled after federal rule 14. In 6 Wright and Miller, *supra,* § 1449, the following appears:

"May a defendant in a negligence action implead his liability insurer under Rule 14? This question, which has been much discussed, is in fact not a difficult one to analyze. Both on the basis of principle and authority it is clear that the answer must be in the affirmative if the conditions set forth in Rule 14 have been satisfied. It is worthy of some discussion, however, because it is a very striking example of how Rule 14 works.

"At the outset it should be noted that the question of impleading an insurer can arise only in that limited class of cases in which the insurer has disclaimed liability and refused to defend on behalf of the insured. . . .

"When the insurer disclaims liability and refuses to defend on behalf of the insured, the federal courts, as well as state courts with procedural rules similar to the federal rules, uniformly recognize the propriety of impleader. These decisions have been supported by numerous commentators, including Judge Charles E. Clark, the principal draftsman of the federal rules. However, two federal district courts have refused to allow impleader under these circumstances as a matter of discretion. In both instances the court noted that in the case before it little would be gained by way of economy from the joinder of the claims, and that impleader might well be prejudicial to the original action by causing additional delay and confusion if the unrelated matters were litigated together. The better approach might be to allow impleader as a matter of course in this situation and then, with an eye toward effective judicial administration and fairness to the parties, determine whether a severance or separate

trials should be ordered as is expressly authorized by Rule 14(*a*)." (pp. 267-269.)

Illustrative of the cases elsewhere for present purposes is *Baker v. Moors*, 51 F. R. D. 507 (W. D. Ky., 1971). There an insurer denied coverage under an omnibus clause which stated that any person using the described automobile with permission of the insured was covered. The driver of the vehicle at the time of the accident filed a third party complaint against the insurer to have the issue of coverage determined in the tort action filed against him. The court ruled impleader was proper, stating:

"It is generally agreed, and conceded by [the insurer], that where an insurer refuses to undertake the defense of its insured, the insured may implead the insurer in the tort action and have the issue of policy coverage decided in the same case as the issue of tort liability. The only difference between the circumstances of this case and the perhaps more normal or frequent case is that Moors is not the named insured, but that is not to say that Moors is expressly excluded from coverage under the policy.

. . . . . . . . . . . . . . . .

". . . The purpose of Rule 14, which is to be liberally construed, is to dispose of an entire subject matter in one economic and expeditious action. If it becomes apparent that the ancillary controversy in this action will inordinately complicate and prejudice the original claims, separate trials may be ordered under Rule 42(b) of the Federal Rules of Procedure." (pp. 509-510.)

Here in the declaratory judgment action the parties sought resolution solely of a question of fact. That question, whether Stanley Pfannenstiel had Clarence Rohr's permission to drive the Rohr vehicle at the critical time, was a principal issue in the previously filed tort action. The trial court was concerned with just, expeditious and economic disposal of the claims arising from the injury to Larry Morris. Needless to say, litigation should not be tried piecemeal where it can judiciously be avoided. More than a single appeal in the same litigation is generally not desirable. Third party practice is aimed at the settlement in a single lawsuit of as many aspects of a controversy as possible. It is designed to avoid multiplicity of actions and to assure consistency of results in the determination of those issues which are common to the main claim and the third party claims (see James, Civil Procedures, § 10.20). Here, because separate suits were filed, the trial court was faced with the possibility of two separate appeals as a matter of right with consequent delay (that the court's ruling may ultimately result in two appeals prior to termination of the entire litigation is not controlling either for disposal or precedential purposes). Joinder of the two

insurers by third party practice with separation of issues for trial, as the trial court had in mind, would not be unjust to anyone and should result in a more economical and expeditious disposition than full-blown trial in two separate actions. Application for such joinder by the defendants in the tort action is, of course, not mandatory upon them. There was a reasonable basis for the trial court's exercise of its discretion in dismissing the declaratory judgment as it did.

The judgment is affirmed.

APPROVED BY THE COURT.