(7 P.3d 1272)

No. 83,549

Randy McHorse, *Plaintiff,* and Ella Koontz, *Additional Party Plaintiff/Appellant,* v. Kent Eaks, *Appellee.*

Opinion filed July 28, 2000.

*Michael D. Gibbens,* of Gibbens, Levinson & Levinson, L.C., of Basehor, for the appellant.

*Leo L. Logan* and *Casey L. Griffith,* of Boddington & Brown, Chtd., of Kansas City, for the appellee.

Before Lewis, P.J., Pierron, J., and David W. Kennedy, District Judge, assigned.

Pierron, J.: Ella Koontz appeals the trial court's decision joining her as an additional party plaintiff in a lawsuit against Kent Eaks.

The facts necessary for resolution of this appeal are procedural in nature and are for the most part uncontested by the parties.

Eaks lives in Miami County and had an elevated deck attached to his house. He hosted a party at his house on July 4, 1996. Koontz and Randy and Kathy McHorse, along with approximately 11 other people, were eating on the deck when it collapsed.

On November 13, 1996, Randy and Kathy filed lawsuits in Miami County alleging they had sustained serious and ongoing injuries as a result of Eaks' failure to maintain a safe structure. On October 17, 1997, Koontz filed a similar lawsuit in Wyandotte County. Koontz obtained jurisdiction on Eaks in Wyandotte County because Eaks worked in Wyandotte County.

On November 18, 1997, Eaks filed his answer in the Wyandotte County case and on the same day filed a motion to transfer venue.

In support thereof, Eaks stated that his house was in Miami County, that a substantial amount of discovery had already been completed in the Miami County lawsuit, and that defending the same incident in multiple venues would cause prejudice and hardship.

On November 24, 1997, at a pretrial hearing in the Miami County case, Eaks orally moved to add Koontz as an additional party plaintiff pursuant to K.S.A. 60-219. The court granted Eaks' motion. A copy of the preliminary pretrial order detailing this decision was served upon Koontz' attorney in order to effectuate her joinder into the Miami County case.

On December 19, 1997, Judge Sieve of the Wyandotte County District Court heard oral arguments on Eaks' motion to change venue in Koontz' Wyandotte County case. The court granted Eaks' motion and journalized Koontz' subsequent request:

"1. That plaintiff has been joined as an Additional Party Plaintiff to a previously filed lawsuit in Miami County, Kansas in the case styled, *Kathy McHorse and Randy McHorse and Ella Koontz v. Kent Eaks,* Case No. 96C146, 96C147.

"2. That considering all the circumstances attendant, the court finds and orders that defendant's motion to transfer venue to Miami County, Kansas, should be and the same is hereby granted.

"3. That plaintiff advises that it would prefer to proceed in Miami County District Court within the lawsuit in which plaintiff is already a party plaintiff as referenced in paragraph one above, rather than file a separate lawsuit in Miami County District Court. Accordingly, plaintiff elects to dismiss this action without prejudice. Defendant has no objection to plaintiff's election, so long as any refiling of this lawsuit occurs in Miami County District Court consistent with the Court's ruling on defendant's motion herein."

On April 13, 1998, Koontz filed a motion in the Miami County case to rescind the order making her an involuntary plaintiff. On May 8, 1998, Koontz filed a motion in the Miami County case to rescind the order making her an involuntary plaintiff and/or to transfer venue to Wyandotte County District Court. The Miami County District Court heard oral arguments on the issue and denied the motion.

Koontz fully participated in a jury trial in Miami County District Court. The jury returned a verdict awarding no damages to either plaintiff, finding no party was at fault.

Koontz first argues her due process rights were violated by the Miami County District Court's decision to join her as an additional party plaintiff.

"The basic elements of procedural due process of law are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. [Citation omitted.]" *In re Petition of City of Overland Park for Annexation of Land,* 241 Kan. 365, 370, 736 P.2d 923 (1987). The question of what process is due in a given factual situation under the Due Process Clause of the United States Constitution is a legal one. See *Murphy v. Nelson,* 260 Kan. 589, 594, 921 P.2d 1225 (1996).

K.S.A. 60-219(a) provides:

"Whenever a 'contingently necessary' person, as hereafter defined, is subject to service of process, he shall be joined as a party in the action. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

K.S.A. 60-219(a) does not provide for any notice to a party joined in a lawsuit prior to adjudication of the issue. Additionally, the statute mandates that any contingently necessary party shall be joined as a party in the action. Koontz received immediate notice of her joinder in the Miami County lawsuit.

Even if Koontz was entitled to prejoinder notice, her subsequent actions cured any error. During the pendency of the Miami County lawsuit, Koontz filed a motion to rescind the order making her an involuntary plaintiff. She filed a memorandum in support of the motion and received a hearing on the matter. We also note that Koontz received notice of her joinder in the Miami County lawsuit in early December 1997, but did not file her motion to rescind the joinder order until April 1998.

We find no denial of due process rights in joining Koontz as an additional party plaintiff.

Koontz next argues her involuntary joinder in the Miami County lawsuit violated the rules regarding multidistrict litigation. Koontz essentially argues the involuntary joinder of her in the Miami County lawsuit usurped the power of the Kansas Supreme Court

to consolidate multidistrict cases pursuant to K.S.A. 60-242(c)(1). Koontz cites no specific authority for her proposition other than the statute.

K.S.A. 60-242(c)(1) provides:

"When civil actions arising out of the same transaction or occurrence or series of transactions or occurrences are pending in different judicial districts, the supreme court, upon request of a party or of any court in which one of the actions is pending and upon finding that a transfer and consolidation will promote the just and efficient conduct of the actions, may order transfer of the pending actions to one of the counties in which an action is pending. The actions may be consolidated for discovery, pretrial proceedings and possible trial. The supreme court shall assign the consolidated actions to a judge designated by the supreme court. Actions filed subsequent to the order may be consolidated as provided herein."

Whether the decision in the Miami County case to add Koontz as an additional party plaintiff violated K.S.A. 60-242(c)(1) is a question of law. Interpretation of a statute is a question of law and our review is unlimited. See *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998).

The facts necessary to establish a violation of K.S.A. 60-242(c)(1) are not present. Technically, the Miami County case and the Wyandotte County case were never actually consolidated. Koontz dismissed the Wyandotte County case to prevent a transfer of venue to Miami County. She also decided she preferred to proceed as a party plaintiff in the pending lawsuit rather than file a separate lawsuit in Miami County.

However, there are more substantial reasons for affirming the actions of the trial court.

There is no absolute rule against multidistrict litigation in Kansas. K.S.A. 60-242(c)(1) gives the Kansas Supreme Court discretion to transfer and/or consolidate cases pending in different jurisdictions in order to promote the just and efficient conduct of the cases. K.S.A. 60-242(a) states:

"When actions involving a common question of law or fact are pending before the court in the same or different counties in the judicial district, the judge may order a joint hearing or trial of any or all of the matters in issue in the actions; may order all the actions consolidated; and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

We also note *Plains Transport of Kansas, Inc. v. Baldwin*, 217 Kan. 2, 4-5, 535 P.2d 865 (1975), where the court observed, in discussing consolidation under K.S.A. 60-242(a), that the statute uses the word "may," leaving the matter to the sound discretion of the district court. It is for the courts to weigh the saving of time and effort that trying the cases together would produce against any inconvenience, delay, or expense that it would cause. It appears that either procedure is allowable. The trial court's action was not in contravention of any Supreme Court prerogative.

Next, Koontz argues the trial court erred in finding she was a contingently necessary person under K.S.A. 60-219.

Koontz does not cite any cases for our standard of review. The standard of review for a trial court's decision in determining class membership in a class action is abuse of discretion. See *Tuley v. Kansas City Power & Light Co*, 252 Kan. 205, 217, 843 P.2d 248 (1992). We believe we are in an analogous situation and apply that standard.

K.S.A. 60-219(a) defines "contingently necessary" person:

"A person is contingently necessary if (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action in his absence may (i) as a practical matter substantially impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

In applying K.S.A. 60-219(a), Koontz argues she does not fall within any of the categories of a contingently necessary person. She argues complete relief could have been granted to the McHorses regardless of whether she was a party to the lawsuit. She argues that since Kansas law holds that a joint tortfeasor is not a contingently necessary party, then it should logically follow that multiple plaintiffs injured by a defendant's negligence are not contingently necessary parties in each other's lawsuits. Koontz also notes she does not have a right to recover for the McHorses' injuries.

Eaks argues Koontz' citation and arguments concerning joint tortfeasors are distinguishable based on the principle that joint tortfeasors are liable for the full amount of liability and, consequently, there is no concern over inconsistent verdicts. See *In re Morgan*, 24 Kan. App. 324, 325-26, 943 P.2d 77 (1997).

Regarding K.S.A. 60-219(a)(2)(ii), Koontz argues, without citing any authority, the possibility of inconsistent verdicts by two different juries as to comparative fault percentages does not amount to a substantial risk of incurring otherwise inconsistent obligations. She contends inconsistent verdicts and inconsistent obligations do not necessarily amount to the same thing.

Eaks argues that when Koontz filed her lawsuit in Wyandotte County, the possibility of inconsistent verdicts by two different juries in two different civil trials arising out of one single occurrence became apparent. He argues that possibility is exactly the reason the Miami County court granted his K.S.A. 60-219 motion. Furthermore, he argues that joining Koontz as an additional party plaintiff furthered the policy of just, expeditious, and economic disposal of claims arising out of the same transaction. See *U.S. Fidelity & Guaranty Co. v. Continental Ins. Co.*, 216 Kan. 5, 12, 531 P.2d 9 (1975). We agree and see no error.

Koontz' also argues that joinder of parties under K.S.A. 60-219 does not apply to negligence actions. She states the language in K.S.A. 60-219 limits application under subsection (a)(2) to parties claiming an "interest relating to the *property or transaction*" and does not apply to her case. Koontz contends permissive joinder under K.S.A. 60-220 is the appropriate statute since it refers to rights "arising out of the same transaction, *occurrence*, or series of transactions or *occurrences*." (Emphasis added.)

Eaks argues K.S.A. 60-219 applies in negligence actions and other torts actions and cites *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981), where the court considered an action for the tort of retaliatory discharge. Although the court found the plaintiff failed to properly notify the City of Topeka and dismissed it from the lawsuit, the court still determined that the City of Topeka was a contingently necessary party under K.S.A. 60-219. 6 Kan. App. 2d at 491-92.

The Miami County judge here did not expressly state at the hearing or in the journal entry which portion of K.S.A. 60-219 he utilized in originally adding Koontz as an additional party plaintiff or in denying Koontz' motion to rescind. From a reading of the transcript of the hearing, all the court's comments concern the fact that Koontz acceded to the order in Wyandotte County that any re-filing of the lawsuit would occur in Miami County. The court indicated Koontz thereby impliedly acquiesced in being a plaintiff in the Miami County lawsuit.

At the hearing on Koontz' motion to rescind, the court acknowledged Koontz' right to choose a forum, but the court inquired why Koontz did not want to be in Miami County District Court. Koontz' counsel responded:

"[T]he reason we don't is my client's injuries are not nearly as substantial as Mr. Grissom's [Randy McHorse's attorney]. The cost of bringing the medical personnel into this county is goin' to be exorbitant and it'd make the case really hard, from a plaintiff's perspective, to afford to financially try.

"Mr. Logan's client's [Kent Eaks] refused to make any offer to my client at all; so, therefore, we feel it's goin' to go to trial and want it in a venue where we can control costs."

We agree with the trial court that Koontz' acquiescence in the Wyandotte County resolution and her full participation in the Miami County case preclude a finding of prejudice to her substantial rights. We also find no abuse of discretion in the court's application of K.S.A. 60-219.

Koontz also argues Eaks should have raised the affirmative defense of McHorse's failure to join an indispensable party and sought dismissal of McHorse's case, instead of seeking to add parties under K.S.A. 60-219. Further, Eaks contends the principle of harmless error does not apply because the court relied on the fact that Koontz was precluded from refiling her action in Wyandotte County and that decisions of venue are matters for Koontz and her counsel to resolve.

Neither of these two final issues were raised before the trial court, and we will not consider them on appeal. See *Ripley v. Tolbert*, 260 Kan. 491, 513, 921 P.2d 1210 (1996) (issues not raised before the trial court cannot be raised on appeal); *Jarboe v. Board*

*of Sedgwick County Comm'rs*, 262 Kan. 615, 622, 938 P.2d 1293 (1997) (a new legal theory may not be asserted for the first time on appeal). In any event, they do not appear to be substantial issues.

Affirmed.