## Brice v. Webber Dodge

Before Shughart, *P.J.* and Sheely, *J.*

*David C. Eaton* and *James R. Humer,* for plaintiffs.

*John H. Bream* and *Gregory M. Kerwin,* for defendant.

*Charles W. Rubendall, II,* for additional defendant.

SHUGHART, *P.J.,* June 30, 1978—In September 1976, plaintiffs, Elmer and Barbara Brice, bought a new 1977 Dodge Aspen from defendant, George L. Webber, Inc., t/d/b/a Webber Dodge (hereafter Webber). After numerous difficulties with the automobile not relevant here, plaintiffs attempted to rescind the sales contract and receive the return of the consideration previously paid to Webber or to receive another new car to replace the one returned. Webber rejected both proposals. Thereafter, plaintiffs brought suit against Webber on December 10, 1976, based on an alleged breach of the implied warranties of fitness and merchantability.

The matter was referred to a board of arbitrators who found in favor of Webber on April 20, 1977.

Plaintiffs appealed from the decision of the board of arbitrators on May 10, 1977, and on February 21, 1978, the parties agreed that plaintiffs amend their complaint to include a claim for damages and costs as authorized by the Federal Consumer Product Warranties Act of January 4, 1975, 88 Stat. 2183, 15 U.S.C.A. §2301 et seq. Plaintiffs were also allowed to increase their ad damnum clause from $3,000 to $5,000.

On March 23, 1978, Webber filed a complaint joining Chrysler Corporation (hereafter Chrysler) as an additional defendant, demanding judgment against it for any sums which Webber would be required to pay plaintiffs should they be successful in their cause of action. Preliminary objections were filed by Chrysler and an amended complaint was filed by Webber on May 2, 1978.

Presently before the court is Chrysler's preliminary objection in the nature of a demurrer, contesting the joinder by Webber of Chrysler to this action. The demurrer presents a single question for our consideration, namely, whether Chrysler can be joined by Webber in a suit based on the Federal Consumer Product Warranties Act where plaintiffs, consumers, have chosen to seek relief only from Webber. More specifically, Chrysler asserts that Webber is not a "consumer' as defined by the act (15 U.S.C.A. §2301) and therefore can assert no claim against Chrysler since only "consumers" are granted a cause of action under the Federal statute.

## DISCUSSION

There are as yet no Pennsylvania cases dealing with the act in question and no cases in any other

jurisdiction on this issue. Our decision, therefore, must be based on a reading of the act in light of our Pennsylvania Rules of Civil Procedure dealing with joinder of an additional defendant.

Pa.R.C.P. 2252(a) reads as follows:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party *arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.* (Emphasis supplied.)

Plaintiffs have founded their cause of action against Webber on the alleged breach of implied warranties of fitness and merchantability. Webber has in turn joined Chrysler to the action on the same theory of liability. There is no question that absent the Federal statute Chrysler has been properly joined. See Free v. Lebowitz, 463 Pa. 387, 344 A. 2d 886 (1975), and American Metal Fabricators v. Goldman, 227 Pa. Superior Ct. 284, 323 A. 2d 891 (1974), for a complete discussion of the permissibility of joinder where the complaint against additional defendant is founded on allegations arising out of the same transaction or occurrence as plaintiff's cause of action. See also Ragan v. Steen, 229 Pa. Superior Ct. 515, 525-526, 331 A. 2d 724, 732 (1974), wherein it was stated: "This Court has favored the policy of broadly interpreting Rule 2252 'not only to compel every interested person to de-

fend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution.'"

Webber has alleged in its complaint that all of the defects complained of by plaintiffs if present were present in the automobile prior to delivery by Chrysler to Webber. By joining Chrysler to this action, Webber has in effect stated that if it is found to be liable to plaintiffs, then Chrysler should also be liable since it manufactured the automobile and delivered it to Webber for resale. Webber would be substantially prejudiced should this joinder be disallowed since Chrysler was also the one who provided Webber with the written warranty. This is the very problem that Rule 2252 was drafted to cure: Ragan v. Steen, supra.

Contrary to the position taken by Chrysler, the Federal Consumer Product Warranties Act has no applicability to the instant proceeding. Webber has not instituted a separate cause of action against Chrysler and therefore whether Webber is a "consumer" as defined by the act is irrelevant. Liability against Chrysler depends entirely on whether plaintiffs are successful in their action against Webber. Webber is not seeking separate damages from Chrysler nor is it seeking its counsel fees as is authorized by the act only for consumer plaintiffs. See 15 U.S.C.A. §2310. It would be an absurdity to say that a Federal act designed to protect consumers from hidden modifications and limitations in written warranties should act to preclude a dealer sued by a consumer from joining the supplier of the alleged defective automobile and maker of the written warranty.

## ORDER

And now, June 30, 1978, for the reasons stated in the opinion filed this date, the preliminary objection of additional defendant is dismissed, and it is given 20 days within which to file an answer.