American Metal Fabricators Company *v.*
Goldman et al., Appellants.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Murray S. Levin*, with him *James Paul Dornberger*, and *Pepper, Hamilton & Scheetz*, for appellants.

*Edward J. Marcantonio*, with him *Swartz, Campbell & Detweiler*, for appellees.

OPINION BY CERCONE, J., April 3, 1974:

We have here an appeal from the dismissal of a complaint filed against additional party defendants. The order granting preliminary objections and dismissing the additional party complaint is final and appealable: *Brandywine Area Joint School Authority v. Vancor, Inc.*, 426 Pa. 448 (1967).

Plaintiff brought this action in assumpsit and trespass against its attorneys, William L. Goldman and Robert J. Hastings, the defendants, to recover damages which allegedly resulted from the defendants' failure to apprise plaintiff of a defect in the title to land in Bristol Township, Bucks County, which was purchased by plaintiff. This failure of defendants alleged-

ly took place during the negotiation and settlement period preceding this land purchase. It is the contention of the plaintiff that these two defendants negligently failed to discover that a prior violation of Section 302 of the Bristol Township Land Subdivision Ordinance of 1956 created a cloud on the plaintiff's title to the land, and that because of this defect in the title, plaintiff was forced to suspend its manufacturing operations on the purchased land.

Defendants joined the sellers of the land, Delaware Valley Packing Company (D.V.P.C.) and Julian Gancarz (Gancarz), as additional defendants alleging that if the plaintiff was damaged, the negligence of the additional defendants in violating the ordinance and not notifying the plaintiff or the defendants caused the harm. The defendants maintain that as a result of this negligence, D.V.P.C. and Gancarz are either solely liable to the plaintiff or liable over to the defendants or jointly and severally liable with defendants to the plaintiff. D.V.P.C. and Gancarz filed preliminary objections alleging that defendants' complaint failed to state a cause of action and that a general release[1] granted to D.V.P.C. and Gancarz by the plaintiff purchaser necessitated the striking of the complaint as to them.

The lower court erred in applying Rule 2229(b) as a basis for its order. Rule 2229(b) of the Pa. Rules of Civil Procedure deals with the permissive joinder of defendants by the *plaintiff*. It has no application

---

[1] Upon discovery of the defect in the title, plaintiffs rescinded the sale, received back their consideration (purchase price), and ronconveyed the properties to D.V.P.C. and Gancarz. In return, D.V.P.C. and Gancarz secured a general release of liability from the plantiff. As the court below correctly noted, however, the release, being an affirmative defense, should not be raised in preliminary objections, but should await the filing of an answer and then raised under the heading, "New Matter." Pa. R. C. P. 1030. See also Goodrich-Amram, Standard Pa. Practice §1030-1.

where the defendant is seeking to join an additional defendant. However the result reached by the lower court was correct under another rule of the Pennsylvania Rules of Civil Procedure. The right of an original defendant to join additional defendants is covered by Rule 2252(a) of the Pa. R. C. P.: Goodrich-Amram, *Standard Pa. Practice*, §§2252 and 2252(a). Therefore, the lower court should have based its decision on an application of the tenets of Rule 2252(a) rather than Rule 2229(b).

Prior to 1969, Rule 2252(a) of the Pa. R. C. P. allowed joinder of only those individuals who were not parties to the action and whose liability was based upon the same cause of action as that declared in the original suit: See, e.g., *Altoona Central Bank v. American Casualty*, 415 Pa. 39, 202 A. 2d 29 (1964). Effective September 1, 1969 the Rule was amended so as to be more in keeping with the general purpose of third party procedure, that purpose being the avoidance of multiple law suits by the settling of all rights of all the parties in claims arising from the event upon which the plaintiff has sued: *Rau v. Manko*, 341 Pa. 17 (1941); *Municipal Authority of Borough of Lewistown v. Chicago Bridge & Iron Co.*, 54 Pa. D. & C. 2d 691 (C. P. Mifflin County, 1971); *Crawshaw v. American Legion Home Assn.*, 32 Pa. D. & C. 2d 167 (C.P. Cumberland County, 1963). The present Rule 2252(a) provides: "In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

The question of whether the liability of D.V.P.C. and Gancarz which is averred in the original defendant's complaint arises from "the cause of action declared upon by the plaintiff" is controlled by *Schladensky v. Ellis,* 442 Pa. 471 (1971). In that case the plaintiffs were injured while employed by General Electric when a hydraulic lift manufactured by Lift-O-Loft Corp. and distributed by Mobile Industrial Equipment Corp. malfunctioned. The plaintiffs retained the defendant as their attorney, who told them that he would institute suits against both the manufacturer and distributor. When the attorney failed to do so the plaintiffs brought a malpractice suit for the loss suffered as a result of the attorney's "negligent failure to bring timely suit." Thereupon the attorney sought to join the manufacturer and distributor averring that their negligence and breach of warranties, express and implied, rendered the additional defendants liable for the injuries. The lower court sustained the preliminary objections of the additional defendants and the plaintiff appealed. The Supreme Court therein construed the phrase "cause of action declared upon by the plaintiff" to require that the two causes of action "be related in substance to the complaint pled by the plaintiff and arise out of the same factual background." *Id.* at 475. See also *Land Title Bank and Trust Co. v. Cheltenham National Bank,* 362 Pa. 30 (1949). The Court, in affirming the lower court's order said: "Herein the actions of the plaintiffs against [the attorney] are based on his failure to exercise reasonable care and diligence in the use of his skill as an attorney, and in the application of his knowledge to his clients' cause. . . . The negligent conduct asserted by [the attorney] against the additional defendants cannot be equated with that which the plaintiffs assert against him." 442 Pa. 471, 475. The *Schladensky Case* is virtually indistinguishable from the case at bar and precludes our

construing Rule 2252(a) as permitting joinder of the additional defendants herein.

It is, of course, true that if the amended Rule 2252 (a) is to have its desired effect it must be given a broad interpretation: *Snoparsky v. Baer*, 439 Pa. 140 (1970); *Municipal Authority v. Chicago Bridge & Iron Co.*, supra. As long as the additional defendants' alleged liability is related to the original claim asserted by the plaintiff against the original defendant, the third party complaint should be allowed even though it may not be on the same cause of action as that declared in the original suit: *Incollingo v. Ewing*, 444 Pa. 263 (1971); *Connors v. Arters Bros., Inc.*, 50 D. & C. 2d 87 (C.P. Delaware County, 1970). However, it would be fruitless in the instant case to grant the defendants leave to amend their third party complaint on remand in order that they may allege additional defendants' liability to them for the alleged misrepresentations. While the 1969 amendment enlarges the kinds of causes of action which may be joined, it certainly does not eliminate the necessity of pleading a valid cause of action. Goodrich-Amram, Standard Pa. Practice, §2252(a). We find that no valid cause of action has been asserted against the additional defendants in this case.

The third party complaint alleges that the additional defendants failed to notify defendants of the existence of the cloud on the title of the land. In order for the alleged failure to be a sufficient basis for a cause of action, the additional defendants would have to be under an affirmative duty to disclose the existence of the cloud on title. As a general rule neither vendor nor vendee is under a duty to disclose material information in the absence of a positive misrepresentation or an act of concealment. *Saverese v. Davis*, 36 D. & C. 2d 63 (Lehigh County, 1964); *Harrison v. Welsh*, 295 Pa. 501, 145 A. 507 (1929). While it is true that a purchaser may maintain an action in deceit

when the vendor intentionally conceals defects in title about which he knows the purchaser to be entirely ignorant,[2] no such rights attach to an agent of the purchaser when the agent suffers a loss in reliance upon any nondisclosure or concealment. This has long been the law with respect to intentional and negligent misrepresentations, and a fortiori applies to intentional or negligent nondisclosures: Restatement of Torts, §531, Comment c; 37 Am. Jur. 2d, Fraud and Deceit, §190 (1971). See also *Oppenhuizer v. Wennersten*, 2 Mich. App. 288, 139 N.W. 2d 765 (1966); *Wells v. Cook*, 16 Ohio St. 67 (1874). Finally, in addition to the considerable law to the effect that agents who rely on the misrepresentations of a vendor have no cause of action for damages suffered independently by them, we feel that we would clearly be moving in the wrong direction if we held that attorneys may *justifiably rely*[3] upon a layman's representations as to his ability to convey good title, at least where a title search would apprise the attorney to the contrary. As Professor Prosser has said: "[O]ne who has special knowledge, experience and competence may not be permitted to rely on statements for which the ordinary man might recover, and . . . one who has acquired expert knowledge concerning the matter dealt with may be required to form his own judgment, rather than take the word of the defendant."[4]

Although the trial court incorrectly relied upon Rule 2229(b) of the Pa. Rules of Civil Procedure, the striking of the complaint against the additional de-

---

[2] See generally 55 Am. Jur., Vendor and Purchaser, §62 (1946). See also *Cook v. Grant*, 16 Serg. & R. 197 (Pa. 1827).

[3] Justifiable reliance must be shown to maintain a cause of action for fraud or deceit. See Restatement of Torts, §§537, 552 (b) (ii).

[4] Prosser, Law of Torts, 717 (4th ed. 1971).

fendants was proper under the applicable rule of law, Rule 2252(a).

The order of the trial court is affirmed.