344 A.2d 886

**Amelia L. FREE et al.**

v.

**Edwin R. LEBOWITZ et al.**

**Appeal of CATRANEL, INC. and Briaridge Apartments.**

Supreme Court of Pennsylvania.

Argued Oct. 9, 1974.

Decided Oct. 3, 1975.

388

Richard A. Zappala, Zappala & Zappala, N. T. Cohen, Pittsburgh, for appellant.

Richard D. Klaber, Dickie, McCamey & Chilcote, Samuel B. Roth, E. F. Scanlon, Eugene F. Scanlon, Jr., John M. Means, Pittsburgh, for appellee, the Township of Wilkins.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

In 1971, a complaint in equity was filed by Amelia L. Free, Bertha Free and Tillie F. Sterner, Trustees under the Will of Amelia Free (plaintiffs) against Edwin R. Lebowitz and Donna S. Lebowitz, his wife, individually and trading and doing business as Merit Drug Store (original defendants). Plaintiffs subsequently amended their complaint to include other defendants including both the appellants in this appeal, Cantranel, Inc., and Briaridge Apartments, and the appellee in this appeal, the Township of Wilkins. Plaintiffs alleged

that their property had suffered harm as the result of the change in a natural water drainage course which occurred during the construction of the building—housing the Merit Drug Store. Plaintiffs claimed that the various defendants were all involved in changing the natural water drainage course which caused the plaintiffs harm. Plaintiffs requested injunctive and other equitable relief.

The appellants filed an answer and New Matter. This New Matter asserted a cause of action against both the original defendants and the new party defendant, the Township of Wilkins. This New Matter alleged that the original defendants and the Township were liable to plaintiffs, and further, that they were additionally liable to the appellants for harm caused the appellants by the changes made in the natural water drainage course. The defendant Township of Wilkins, filed preliminary objections alleging, among other things, improper joinder. The original defendant responded to this New Matter by way of an Answer to the Complaint alleged in appellants' New Matter. The trial court sustained the preliminary objections of the Township of Wilkins to the New Matter filed by the appellants, and dismissed the complaint filed in the New Matter as to both the Township and the original defendant. This appeal followed.

■ Initially, we note that the order sustaining the preliminary objections and dismissing appellants' complaint is a final and thus appealable order. *Zakian v. Liljestrand,* 438 Pa. 249, 254, 264 A.2d 638 (1970); *Brandywine Area Joint School Authority v. Van Cor, Inc.,* 426 Pa. 448, 233 A.2d 240 (1967); *cf. Rau v. Manko,* 341 Pa. 17, 17 A.2d 422 (1941); and *Cummings v. Rees, Inc.,* 126 Pa.Super. 117, 190 A. 416 (1937). We, therefore, deny the Township's motion to quash this appeal.

■ We also conclude that the trial court erred in dismissing the complaint contained in appellants' New Mat-

ter.  Rule 2252 of the Pennsylvania Rules of Civil Procedure provides the following:

"(a)  In any action the defendant or *any additional defendant may*, as the joining party, *join as an additional defendant any person* whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*

.     .     .     .     .     .     .     .

(d)  If the person sought to be joined is a party, *the joining party shall*, without moving for severance or the filing of a praecipe for a writ or a complaint, *assert in his answer as new matter that such party is* alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or *liable to the joining party directly setting forth the ground therefor*.  The case shall proceed thereafter as if such party had been joined by a writ or a complaint."  (Emphasis supplied.)

The above rule permits a defendant in New Matter to file a complaint against another party "on any cause of action  .  .  . arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."  In this case there is no doubt that the appellants' New Matter complaint against the other defendants fell within the scope of the above rule.  The appellants' New Matter complaint alleged almost identical facts and made practically identical claims as were contained in plaintiffs' original complaint.  Plaintiffs' complaint arose out of the changed water drainage course resulting from construc-

tion of the Merit Drug Store. Appellants' New Matter complaint contained identical allegations. Plaintiffs' original complaint claimed water damage and soil erosion as a result of the newly created artificial water course. Appellants' New Matter complaint said the same thing.

The appellees argue that the trial court properly dismissed appellants' New Matter complaint against all defendants because that complaint introduced an "element of complexity" which would make the determination of plaintiffs' rights in the law suit more difficult. We cannot accept that argument. Any case becomes more complex as parties are added or as additional causes of action are brought together in the same law suit. ". . . Rule 2252(a) should be given a broad interpretation." *Snoparsky v. Baer,* 439 Pa. 140, 146, 266 A. 2d 707, 710 (1970). " '[T]he general plan of joinder procedure is to adjudicate all rights growing out of a certain factual background.' 3 Goodrich-Amram, Sec. 2255(d)–9, p. 107; see also the discussion at Sec. 2252(a)–5 and 6." *Incollingo v. Ewing,* 444 Pa. 263, 290, 282 A.2d 206, 221 (1971). The very purpose of Rule 2252 was to permit the bringing together into a single law suit causes of action "arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." That is exactly what the appellants should have been permitted to do in this case; the trial court improperly dismissed the appellants' New Matter complaint.

Decree reversed. Costs on the appellee.