The General State Authority, Commonwealth of Pennsylvania, Plaintiff *v.* Coleman Cable & Wire Company et al., Defendants; Bellante, Clauss, Miller & Nolan, Inc. et al., Additional Defendants.

Argued September 13, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard D. Holahan,* Assistant General Counsel, and *Michael A. Madar,* General Counsel, for plaintiff.

*John Phelan,* with him *Morgan, Lewis & Bockius,* for defendant, Fidelity & Deposit Company of Maryland.

*Nevin Stetler,* with him *Stetler & Gribbin,* for additional defendant, Bellante, Clauss, Miller & Nolan.

OPINION BY JUDGE ROGERS, October 4, 1977:

The General State Authority (GSA) brought an action seeking damages for alleged defects in a primary electrical distribution system built at the Polk State School and Hospital. The defendants in the original action are Coleman Cable & Wire Company (Coleman), the manufacturer of the electric cable to be used in the work, Cokain Electrical Service, Inc. (Cokain), the electrical contractor for the project, McCormick, Taylor & Associates, Inc. (McCormick), the architect, and Fidelity and Deposit Company of Maryland (Fidelity), Cokain's surety.

Defendants Cokain and Fidelity, by separate complaints, joined Warehouse Electrical Supply, Inc. (Warehouse) as an additional defendant alleging that Warehouse had supplied defective cable to Cokain in breach of its warranties to Cokain. McCormick joined Bellante, Clauss, Miller & Nolan, Inc. (Bellante) as an additional defendant, alleging that Bellante had con-

tracted with McCormick to do the electrical and technical design and on-site inspection work required by McCormick's professional contract with GSA and that Bellante was responsible for this work.

Fidelity filed an amended complaint, in the nature of a cross-claim, against Bellante, pursuant to Pa. R.C.P. No. 2252, claiming that if it (Fidelity) was held liable to GSA, then Bellante would be either jointly liable with or liable over to Fidelity and/or the other defendants, and/or that Bellante was solely liable to GSA for the damages claimed by GSA as against Fidelity. Bellante then filed preliminary objections to Fidelity's amended complaint. It is the sufficiency of Bellante's preliminary objections that is now before us.

Bellante contends that its joinder by Fidelity would not be proper under Pa. R.C.P. No. 2252 because it is not based upon the same transaction or series of transactions or occurrences as is the complaint of the original plaintiff, GSA. Rule 2252 of the Pennsylvania Rules of Civil Procedure provides:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Thus, joinder of an additional defendant is limited to those situations in which the joining party's claim arises out of the same single or series of transactions

or occurrences upon which the plaintiff's cause of action is based. We believe that Fidelity's claim which has been asserted against Bellante is one which falls within the ambit of Rule 2252.

The right of joinder has been considerably broadened by amendments to Rule 2252. The most recent amendment of 1969 was intended to enlarge the scope of the "additional defendant" practice in Pennsylvania courts and to approach the general policy of settling all the rights of all the parties in all the claims arising from the event upon which plaintiff has sued. *See* Goodrich-Amram, *Standard Pennsylvania Practice*, §2252, app., at 217 (Supp. 1977).

The change brought about by the 1969 amendment is described in *American Metal Fabricators Co. v. Goldman*, 227 Pa. Superior Ct. 284, 323 A.2d 891 (1974):

Prior to 1969, Rule 2252(a) of the Pa. R.C.P. allowed joinder of only those individuals who were not parties to the action and whose liability was based upon the same cause of action as that declared in the original suit. . . . Effective September 1, 1969 the Rule was amended so as to be more in keeping with the general purpose of third party procedure, that purpose being the avoidance of multiple law suits by the settling of all rights of all the parties in claims arising from the event upon which the plaintiff has sued. . . . (Citations omitted.)

227 Pa. Superior Ct. at 287, 323 A.2d at 893.

In keeping with this intention, it has been held that Rule 2252(a) should be given a broad interpretation. *Free v. Lebowitz*, 463 Pa. 387, 344 A.2d 886 (1975); *Snoparsky v. Baer*, 439 Pa. 140, 266 A.2d 707 (1970). This liberalization of the rules governing joinder of additional defendants has resulted in the practice of permitting joinder whenever the alleged liability of

the additional defendant is related to the claim of the original plaintiff. In *Incollingo v. Ewing,* 444 Pa. 263, 290, 282 A.2d 206, 221 (1971), the court states:

> It is true that 'the cause of action declared upon' by the plaintiff in this case was not the same as that set forth in the third party complaint. . . . The same could be said in any third party situation. A's cause of action against B, for example, is not the same as A's cause of action against C, joined as alone liable, because a cause of action is by definition between particular named parties. . . . The phrase 'cause of action declared upon' as used in the rule may not be taken too literally. So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third party complaint is within bounds.

We believe that the alleged liability of Bellante in this third party action brought by Fidelity is sufficiently related to the original claim brought by GSA. It arises from the same series of transactions or occurrences, namely, the building of a primary electrical distribution system at the Polk State School and Hospital, and thus joinder under Pa. R.C.P. 2252 is proper.

Bellante's additional argument that the "No Third Party Rights" clause in the contract between GSA and McCormick precludes any claim by Fidelity against Bellante is without merit.

Accordingly, we enter the following

ORDER

AND Now, this 4th day of October, 1977, the Preliminary Objections of Bellante, Clauss, Miller & Nolan, Inc. are hereby overruled.