413 A.2d 726

## TOWNSHIP OF UPPER MAKEFIELD

v.

## BENJAMIN FRANKLIN FEDERAL SAVINGS & LOAN ASSOCIATION

v.

MT. EYRE DEVELOPMENT CORP., and Bray Brothers, Inc. and William Spencer Erwin Associates, Inc., and Joseph G. Park, Additional Defendants

Appeal of MT. EYRE DEVELOPMENT CORP.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Nov. 2, 1979.

Gerald A. Inglesby, Philadelphia, for appellant.

Charles H. Dorsett, Jr., Doylestown, submitted a brief on behalf of Township of Upper Makefield, appellee.

Albert S. Shaw, Philadelphia, did not file a brief for Benjamin Franklin Federal, appellee.

Frederick T. Bebbington, Yardley, for Bray Brothers, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

This appeal was taken from an order which dismissed "with prejudice" the joinder of additional defendants. We modify and affirm.

The Township of Upper Makefield (the Township) and Mt. Eyre Development Corp. (Mt. Eyre) were parties to a contract which required Mt. Eyre to complete roads and other municipal improvements in a subdivision known as Mt. Eyre Manor. To insure completion in accordance with Township regulations and specifications, Mt. Eyre was required to

deposit in escrow with Benjamin Franklin Federal Savings and Loan Association (the Association) the sum of $257,-615.47. The terms of the escrow agreement, dated December 12, 1972, authorized the Association to release monies, upon written approval by the Township, as work was completed. Pursuant to written approvals by the Township, the Association released to Mt. Eyre, as work progressed, sums totalling $209,414.13. By December 16, 1976, it had become apparent to the Township that the streets had not been completed satisfactorily. The Township, therefore, demanded payment of the escrow balance of $48,201.34. The Association, it was then disclosed, had previously released the balance of the escrow fund to Mt. Eyre.

The Township commenced an action in assumpsit against the Association, alleging breach of the escrow agreement. The Association joined Mt. Eyre as an additional defendant alleging that Mt. Eyre had been the recipient of the unauthorized payment and that if the required improvements had not been completed properly, Mt. Eyre was liable to the Township or liable over to the Association. Preliminary objections to the joinder of Mt. Eyre were dismissed. Mt. Eyre then filed complaints joining as additional defendants the contractor who did the road construction work, Bray Brothers; the engineer who designed the roads, William Spencer Erwin Associates, Inc.; and the Township's engineer, Joseph G. Park. In its complaint against the additional defendants, Mt. Eyre alleged that it had claimed the escrow balance upon the assurance of the additional defendants that the roads in Mt. Eyre Manor had been satisfactorily completed and that if they had not been so completed this failure was due to negligence or breach of warranty by one or more of the additional defendants. Preliminary objections filed by the additional defendants were sustained by the lower court, which dismissed Mt. Eyre's complaint "with prejudice". Mt. Eyre has appealed.

Although the order of the trial court purported to sustain preliminary objections in the nature of a demurrer and dismissed appellant's complaint with prejudice, its opinion

discloses that its dismissal order was based on procedural grounds and not on a substantively deficient cause of action. The procedural rule applied by the court below is contained in Pa.R.C.P. 2252(a). This rule was amended in 1969 and now provides:

> In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

This amended rule was intended to enlarge the scope of additional defendant practice in Pennsylvania. The general plan of joinder procedure established thereby was to avoid multiple law suits by settling in one action all claims arising out of the transaction or occurrence which gave rise to plaintiff's complaint. *American Metal Fabricators Co. v. Goldman*, 227 Pa.Super. 284, 323 A.2d 891 (1974); *General State Authority v. Coleman Cable & Wire Co.*, 32 Pa. Cmwlth. 117, 377 A.2d 1291 (1977). To effectuate this policy, Rule 2252(a) was to be given a broad interpretation. *Free v. Lebowitz*, 463 Pa. 387, 344 A.2d 886 (1975); *Snoparsky v. Baer*, 439 Pa. 140, 266 A.2d 707 (1970); *Harker v. Farmers Trust Co.*, 248 Pa.Super. 427, 375 A.2d 171 (1977). Thus, courts have permitted joinder whenever the asserted liability of the additional defendant is related to the claim of the original plaintiff. *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971); *General State Authority v. Coleman Cable & Wire Co.*, supra; *American Metal Fabricators Co. v. Goldman*, supra.

■ Nevertheless, the right of joinder is not without limit. Where it is contended that an additional defendant is solely liable to the plaintiff, or jointly liable with the defendant, such liability must be "on the cause of action declared upon

by the plaintiff". See: *Harker v. Farmers Trust Co.*, supra; 8 Goodrich-Amram 2d § 2252(a):5–6. While "cause of action" is to be broadly construed, *Harker v. Farmers Trust Co.*, supra, joinder is not proper where the sole or joint liability averred is foreign to the liability alleged in plaintiff's complaint. See: *American Metal Fabricators v. Goldman*, supra, 227 Pa.Super. at 288–89, 323 A.2d at 893–94. See also: *Schladensky v. Ellis*, 442 Pa. 471, 275 A.2d 663 (1971).

A defendant or additional defendant may also join an additional defendant against whom he or she has a cause of action which, though separate from the cause of action upon which plaintiff has sued, arises "out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Pa.R.C.P. 2252(a).

■ In the instant case, plaintiff's cause of action was based upon a written contract between the plaintiff Township and the defendant Association. The transaction or occurrence giving rise to the Township's suit was a payment of monies by the Association to Mt. Eyre in violation of the terms of the Association's contract with the Township. The claims which Mt. Eyre wishes to assert against its contractor and engineer, as well as against the Township's engineer, are based upon alleged defects in the design, construction and inspection of roads in the development. Clearly, these causes of action are independent of the cause of action asserted by the Township against the Association. Therefore, joinder on the grounds that the additional defendants, nonsignatories of the escrow agreement, are liable solely to the Township on the cause of action set forth in its complaint is improper. It is also clear that Mt. Eyre's causes of action do not arise out of the transaction or occurrence upon which the Township's cause of action is based. Mt. Eyre's causes of action for negligence, breach of warranty and misrepresentation are separate and distinct from the Township's cause of action alleging improper disbursement of escrow funds. Any relationship between the separate causes

of actions is entirely too remote and tenuous to allow Mt. Eyre's causes of action against the additional defendants to be litigated in the Township's assumpsit action against the Association.

Therefore, the trial court properly dismissed on procedural grounds the complaint filed by appellant against additional defendants.

When it dismissed the complaint "with prejudice", however, the court implied a final determination of Mt. Eyre's causes of action against the additional defendants. This was not warranted by the pleadings. Final adjudication of the causes of action asserted by appellant against the additional defendants must await separate proceedings in which the additional defendants' liability to Mt. Eyre, if any, can be fully litigated. This portion of the order, therefore, will be stricken.

The order of the trial court, as modified by striking therefrom the words "with prejudice", is affirmed, and the case is remanded for further proceedings.