415 A.2d 92

**Larry SZEMANSKI**

v.

**VULCAN MATERIALS COMPANY, a corporation, Appellant,**

v.

**UNITED INDUSTRIAL MAINTENANCE, INC., a corporation.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Decided Nov. 2, 1979.

James R. Miller, Pittsburgh, for appellant.

Fred C. Trenor, Pittsburgh, for appellees.

Before CERCONE, P. J., and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Have the 1969 amendments to Pa.R.C.P. 2252 altered the prior rule which prevented the joinder of an express indemnitor as an additional defendant? The trial court held that such a joinder was improper. We reverse.

The circumstances which have brought this issue before us are as follows. United Industrial Maintenance, Inc. (United) agreed to do repair work on a crane owned by Vulcan Materials Company (Vulcan), and located on the latter's premises. The written contract contained a clause by which United agreed to indemnify Vulcan against "all losses and all claims, demands, payments, suits, actions, recoveries and judgments . . . arising out of any act or omission" of United or "arising out of the use, occupancy or possession of premises of Vulcan" by United. Larry Szemanski, an employee of United, was injured when he fell from an elevated platform while working above the floor and railroad tracks in Vulcan's plant. He filed a complaint in trespass against Vulcan in which he alleged various negligent acts and omissions pertaining to the conditions under which he was compelled to work. Vulcan joined United as an additional defendant, alleging in its complaint that United was solely

liable to the plaintiff or jointly liable with Vulcan because of United's negligence. The complaint also averred that United was liable over to Vulcan under the terms of the aforesaid agreement to indemnify.

■ The attempted joinder of United as an additional defendant on the grounds that United was liable for negligence, either alone or jointly with Vulcan, was improper. The joinder of the employer as an additional defendant in an action brought by an employee against a third party is barred by Section 303(b) of The Pennsylvania Workmen's Compensation Act [1], as amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. 481(b). See: *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). See also: *Potts v. Dow Chemical Company*, 272 Pa.Super. 323, 415 A.2d 1220 (1979).

However, Section 303(b) of The Pennsylvania Workmen's Compensation Act does not bar an action by the third party against the employer if "liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Prior to its amendment in 1969, Pa.R.C.P. 2252(a) allowed joinder of a party as an additional defendant who was liable "on the cause of action declared upon by the plaintiff." Under this rule, the decisions uniformly held that an express indemnitor could not be joined as an additional defendant in an action of trespass. The indemnitor's liability, if any, was dependent upon an express contract and, therefore, was distinct from the cause asserted by the plaintiff against the defendant. See: *Nichols v. American Casualty Co.*, 418 Pa. 119, 209 A.2d 855 (1965); *Lloyd v. Victory Carriers, Inc.*, 402 Pa. 484, 167 A.2d 689 (1960); *Wampler v. F. C. Haab Co., Inc.*, 401 Pa. 178, 162 A.2d 389 (1960). See also: *Greller v. Hortter Building Corporation*, 198 Pa.Super. 32, 179 A.2d 666 (1962).

1. Act of June 2, 1915, P.L. 736, No. 338, as amended, 77 P.S. § 1 et seq.

In 1969, Pa.R.C.P. 2252(a) was amended and now permits joinder in the following situations:

> (a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

This amended rule has expanded the right of joinder to include the situation where a defendant wishes to assert against an additional defendant a cause of action which, although not the same cause of action alleged by plaintiff, is based upon or related to the same transaction or occurrence upon which plaintiff's cause of action is based. See: *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *American Metal Fabricators Co. v. Goldman,* 227 Pa.Super. 284, 323 A.2d 891 (1974); *General State Authority v. Coleman Cable & Wire Co.,* 32 Pa.Cmwlth. 117, 377 A.2d 1291 (1977). In Goodrich-Amram 2d § 2252(a):8.1, at p. 57, it is suggested that under this new rule "[a]lmost unlimited joinder is permitted where the claims arise out of the same factual background. . . . " Its purpose is to avoid multiple law suits by settling in one action all claims arising out of the transaction or occurrence or series of transactions and occurrences which gave rise to plaintiff's action. *American Metal Fabricators Co. v. Goldman,* supra; *General State Authority v. Coleman Cable & Wire Co.,* supra. To achieve this purpose, the amended Rule 2252(a) is to be given a broad interpretation. *Free v. Lebowitz,* 463 Pa. 387, 344 A.2d 886 (1975); *Harker v. Farmers Trust Co.,* 248 Pa.Super. 427, 375 A.2d 171 (1977).

When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged

by the plaintiff, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiff, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based.

That defendant's cause of action arose in part from the same occurrence upon which the plaintiff's cause of action was based, is not enough, Professor Amram argues, to allow joinder. See: Goodrich-Amram 2d, § 2252(a):7.1, footnote 31. Therefore, he would interpret the rule to continue the ban on joinder of an express indemnitor. He concedes, however, that such joinder is generally permitted by the additional defendant procedure in other jurisdictions [2] and by Fed.R.C.P. No. 14(a).[3] He also concedes that the prior Pennsylvania rule was not based on logic or procedural necessity to keep trials simple. Rather, the rule depended upon and was made necessary by the Pennsylvania policy which prohibited a jury from learning of the existence of liability insurance. See: *Price v. Yellow Cab. Co.*, 443 Pa. 56, 278 A.2d 161 (1971); *Nicholson v. Garris*, 418 Pa. 146, 210 A.2d 164 (1965) and cases cited therein.

The 1969 amendment was intended to modernize additional defendant practice. The language of the amended rule is broad enough to permit the joinder of express indemnitors.

2. E. g.: *Pioneer Mutual Compensation Co. v. Cosby*, 125 Colo. 468, 244 P.2d 1089 (1952); *Murphy v. Keane*, 26 Conn.Sup. 463, 227 A.2d 94 (1967); *Wright Construction Co. v. St. Lawrence Fluorspar, Inc.*, 254 A.2d 252 (Del.Super.1969); *Bishop v Georgia Baptist Hospital*, 136 Ga.App. 507, 221 S.E.2d 682 (1975); *U.S. Fidelity and Guaranty Co. v. Continental Insurance Co.*, 216 Kan. 5, 531 P.2d 9 (1975); *Lecouna Cuban Boys, Inc. v. Kiamesha Concord, Inc.*, 276 App.Div. 808, 93 N.Y.S.2d 113 (1949) *app. denied* 276 App.Div. 940, 94 N.Y. S.2d 202 *app. dsmd.* 300 N.Y. 740, 92 N.E.2d 317 (1950); *Chicago Rock Island and Pacific Railroad Co. v. Davila*, 489 P.2d 760 (Okl. 1971); 59 Am.Jur.2d, Parties § 204.

3. See: *Kravas v. Great Atlantic & Pacific Tea Co.*, 28 F.Supp. 66 (W.D.Pa.1939); Wright & Miller, Federal Practice and Procedure: Civil § 1449 (1971).

The Supreme Court has suggested that the rule be given a broad interpretation in order to achieve its intended purpose of eliminating multiple law suits arising from the same occurrence or series of occurrences. See: *Free v. Lebowitz*, supra. A concealment of the existence of insurance should not be allowed to impede the accomplishment of the salutary purpose of Rule 2252(a). If concealment of the existence of insurance continues to serve a viable purpose, then the joinder of an insurer can be denied on grounds of policy. Alternatively, to avoid prejudice, the trial court, on motion of a party or by its own initiative, may order a separate trial of defendant's cause of action against the indemnitor. Pa.R. C.P. 213(b). Certainly the desire to avoid reference to insurance furnishes no satisfactory reason to deny joinder of an indemnitor whose alleged duty to indemnify depends, as it does in the instant case, upon a clause in a construction contract. If, on the other hand, the rule requiring non-disclosure of insurance coverage is a useless relic of bygone days, a rule which ignores the sophistication of jurors who invariably assume the existence of liability insurance in negligence cases, then it should be laid to rest. It should not prevent the consolidation in one action of the multiple legal and factual issues arising from the same transaction or occurrence.

In the instant case, defendant sought to join as an additional defendant a party who was not an insurer but who is alleged to have agreed as part of a construction contract to indemnify defendant against loss on the cause of action pleaded by plaintiff. We hold that such a joinder is permitted by Pa.R.C.P. 2252(a).[4]

4. Trial courts have allowed the joinder of an express indemnitor in the following cases: *Graybar Electric Co. v. Bruns Electric Inc.*, 5 Pa. D & C 3d 429 (Allegheny Co. 1978); *Lang v. Beishline*, 56 Pa. D & C 2d 633 (Bucks Co. 1972); *Nagle v. Split Rock Lodge, Inc.*, 52 Pa. D & C 2d 497 (Carbon Co. 1971); *Caldearo v. County of Delaware*, 50 Pa. D & C 2d 147 (Delaware Co. 1970). Trial courts disallowed such joinder in the instant case and in *Fitzgerald v. Rottner*, 56 Pa. D & C 2d 750 (Dauphin Co. 1972). Two recent cases have denied joinder of a defendant's general liability insurance carrier. *Bauser v. Pleasant Construction Inc.*, 8 Pa. D & C 3d 232 (Warren Co. 1978); *Brawley v.*

Reversed and remanded for further proceedings consistent with the foregoing opinion.

*Southeastern Pennsylvania Transportation Authority,* 7 Pa. D & C 3d 545 (Phila. Co. 1978).