419 A.2d 129

James C. EADS

v.

Frederick E. SMITH and Samuel G. Oaten, Additional Defendant.

Appeal of Frederick E. SMITH.

Superior Court of Pennsylvania.

Argued June 20, 1979.

Filed March 14, 1980.

David L. Shenkle, Doylestown, for appellant.

Alan Dion Morrisville, for appellees.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that the lower court erred in disallowing the joinder of the additional defendant under Pa.R.C.P. 2252(a). We agree and, accordingly, reverse the order or the lower court.

James C. Eads (hereinafter "plaintiff") filed a complaint in trespass alleging that, while he was riding his bicycle, he was struck by a motor vehicle owned and operated by appellant, Frederick E. Smith (hereinafter "defendant"), and that he was injured as a result of defendant's negligence. Defendant thereafter filed a complaint naming Samuel G. Oaten as an additional defendant. Defendant alleged in the complaint that the additional defendant is an insurance agent authorized to issue insurance policies of State Farm Mutual Insurance Company (hereinafter "State Farm"). He also alleged that in June, 1972, he purchased an automobile insurance policy from additional defendant, that additional defendant informed him that the policy had been issued, and that defendant has paid all premiums due on the policy to additional defendant. The complaint also averred that additional defendant and State Farm denied that insurance coverage was in effect at the time of the accident and have refused to represent defendant in this action. In the first count of the complaint, defendant sought recovery on the basis that additional defendant is liable over to him on the cause of action pleaded in plaintiff's complaint. Defendant sought recovery in the second count of his complaint for attorney's fees and expenses incurred by defendant in defending plaintiff's action. Additional defendant filed preliminary objections in the nature of a motion to strike, alleging that the defendant's complaint improperly joined a

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

cause of action unrelated to the cause of action in plaintiff's complaint. The lower court sustained the motion to strike and dismissed defendant's complaint. This appeal followed.

Pa.R.C.P. 2252(a) was amended in 1969 and now provides:

In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

"This amended rule has expanded the right of joinder to include the situation where a defendant wishes to exert against an additional defendant a cause of action which, although not the same cause of action alleged by plaintiff, is based upon or related to the same transaction or occurrence upon which plaintiff's cause of action is based." *Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 244, 415 A.2d 92, 94 (1979). *See also Township of Upper Makefield v. Benjamin Franklin Federal Savings & Loan Association*, 271 Pa. Super. 399, 413 A.2d 726 (1979).

■ The purpose of the amended rule "is to avoid multiple law suits by settling in one action all claims arising out of the transaction or occurrence or series of transactions or occurrences which gave rise to plaintiff's action." *Szemanski v. Vulcan Materials Co., supra*, 415 A.2d at 94 (citing *American Metal Fabricators Co. v. Goldman*, 227 Pa.Super. 284, 323 A.2d 891 (1974); *General State Authority v. Coleman Cable & Wire Co.*, 32 Pa.Cmwlth. 117, 377 A.2d 1291 (1977)). "To achieve this purpose, the amended Rule 2252(a) is to be given a broad interpretation." *Id.* (citing *Free v. Lebowitz*, 463 Pa. 387, 344 A.2d 886 (1975); *Harker v. Farmers Trust Co.*, 248 Pa.Super. 427, 375 A.2d 171 (1977)).

This Court recently considered the question of whether an express indemnitor could be joined as an additional defend-

ant under Rule 2252(a). In *Szemanski v. Vulcan Materials Co., supra*, the plaintiff filed a complaint in trespass alleging that he had been injured as a result of the defendant's negligence. Defendant attempted to join United Maintenance, Inc. as an additional defendant, alleging that because United had agreed in a written contract to indemnify defendant, United either was solely liable to plaintiff or jointly liable with defendant. In holding that such a joinder was permitted by Rule 2252(a), the Court reasoned:

When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged by the plaintiff, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiff, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based.

*Id.* at 94.

We conclude that *Szemanski* controls the instant case. Additional defendant would not be obligated to indemnify defendant or provide a defense if the plaintiff had not sued defendant to recover for injuries allegedly sustained in the accident. Thus in this case, as in *Szemanski*, "defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based." *Id.*

The additional defendant argues that we should not permit joinder in this case because the evidence which defendant will present at trial to prove additional defendant's liability will differ from the evidence which plaintiff will present to prove defendant's liability and thus will confuse the jury. We conclude that this is not a sufficient basis to disallow joinder under Rule 2252(a). Pursuant to Pa.R.C.P. 213(b), the trial court may order a separate trial of defendant's claims against the additional defendant if it finds that

severance would promote convenience or avoid prejudice. Accordingly, we hold that the joinder of the insurance agent as an additional defendant is permitted by Rule 2252(a), and the lower court erred in dismissing defendant's complaint.

Order reversed and case remanded for proceedings consistent with this opinion.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I have reviewed the majority opinion and the case of *Szemanski* (supra) upon which the majority so heavily relies. I conclude, however, that the majority's reliance upon *Szemanski* is misplaced and I therefore would affirm the order of the lower court.

The additional defendant joined in *Szemanski*, pursuant to Pa.R.C.P. 2252(a), was a party who allegedly agreed, as part of a construction contract, to *indemnify* the original defendant against loss on the cause of action complained of by plaintiff in his original complaint.

There is no doubt that amended Rule 2252(a) has expanded the parameter whereby joinder of additional defendants is permissible. Joinder is now permitted "if the proposed additional defendant *may be* (1) alone liable to the plaintiff on the cause of action declared upon by the plaintiff, (2) liable over to the defendant in regard to such cause of action, (3) jointly or severally liable with the defendant to the plaintiff on such cause of action, or (4) liable to the defendant on any cause of action which he may have against the additional defendant arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

However, there are restrictions; [A]n additional defendant cannot be joined on the basis of a claim wholly unrelated to the claim of the plaintiff against the defendant . . . [j]oinder remains improper if based upon a completely extraneous cause of action, not related to the occurrences or transactions upon which the plaintiff's cause of action is based." Goodrich–Amram 2d, Vol. 8, § 2252(a): 5, p. 36.

In *Szemanski*, the court permitted the joinder of an *express indemnitor* on the theory that the original defendant's cause of action against it, although not the same cause of action as alleged by plaintiff against the original defendant, is related to it. The court in *Szemanski* apparently concluded that there existed a close enough nexus between plaintiff's cause of action against the original defendant and the original defendant's related cause of action against the additional defendant to permit the joinder.

Analogous to the *Szemanski* holdings is an earlier lower court opinion from Delaware County which held:

. . . prior to the 1969 amendment, it was well settled that an additional defendant could not be joined on the basis of an express contractual duty to indemnify the original defendant. The reason was that a cause of action arising from an express contract of indemnity is not based upon the cause of action declared upon by the plaintiff, as required by the rule. (citations omitted)

Although no cases on point have been brought to the court's attention, it would certainly appear that the 1969 amendment has abolished this absolute limitation. Factually, in almost every indemnification case, and certainly in the case at bar, plaintiff's claim against defendant and defendant's claim against his indemnifier, the additional defendant, arise out of precisely the same occurrence or series of occurrences. To deny joinder under such circumstances would be to ignore totally the 1969 amendment and the plain intent of the Supreme Court amendment. *Caldearo v. County of Delaware*, 50 Pa.D. & C.2d 147 (1970).

I believe that the instant case is not controlled by the *Szemanski–Caldearo* opinions. Here, it is not alleged that the proposed additional defendant is an *express indemnitor* as was the case in both *Szemanski* and *Caldearo*. Moreover, in the instant case, based upon the set of alleged operative facts, it cannot be argued that the proposed additional defendant may be alone liable to the plaintiff, liable over to the original defendant, jointly or severally liable with the

original defendant to the plaintiff, *or liable to the original defendant on any cause of action which the original defendant may have against the proposed additional defendant which arises out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is founded.*

I firmly believe that the original defendant's alleged claim against the proposed additional defendant is *wholly unrelated* to the plaintiff's claim for personal injuries against the original defendant. The proposed joinder of the additional defendant by the original defendant is, in my opinion, based upon a completely extraneous cause of action, not related to the occurrence upon which plaintiff's cause of action against the original defendant is based.

I would, therefore, affirm the lower court's order disallowing the joinder of the additional defendant in the case at bar.