445 A.2d 826

### UNITED STATES NATIONAL BANK IN JOHNSTOWN, Pennsylvania,

v.

### H & D LEASING, INC. A Pennsylvania Corporation, Helen E. Daniels, Chester J. Daniels, i/t/a and Doing Business as H & D Leasing, Inc., Appellants,

v.

### Robert BUETTNER and Donald Buettner, trading as Leo Buettner Insurance.

Superior Court of Pennsylvania.

Submitted May 21, 1981.

Filed May 14, 1982.

William G. Barbin, Johnstown, for appellants.

David R. Lovette, Johnstown, for U. S. Nat. Bank, appellee.

R. Thomas Strayer, Johnstown, for Buettner, appellees.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from a lower court Order which granted a Motion for Summary Judgment and dismissed a Complaint filed by the Defendant against the Additional Defendants. The action originally arose as a result of the

failure by the Defendants to repay a loan to the Plaintiff Bank. The loan had been used to finance the purchase of a truck on June 8, 1977 by the Defendants, Chester and Helen E. Daniels and their family enterprise, H&D Leasing, Inc. The truck was destroyed in the tragic flood which struck Johnstown on July 20, 1977, and the Defendants thereafter sought to collect on insurance coverage they believed existed on the truck. They were informed by their insurance agents that no such coverage had been placed on the vehicle. When sued by the Bank on the loan, the Defendants therefore initiated a Complaint to join the insurance agents as Additional Defendants. The Defendants claimed that, through their employees, the Additional Defendants had assured the Defendants prior to the flood that appropriate insurance— so-called "comprehensive" coverage—would be issued to cover the truck in question.

The Additional Defendants filed Preliminary Objections to the Complaint which had been filed against them. These Preliminary Objections were considered by Cambria County President Judge Clifton McWilliams, who dismissed them by an Order dated March 9, 1979. In an Opinion, Judge McWilliams explained that it was his conclusion that the insurance agents could be joined as additional defendants based upon Pa.R.C.P. 2252(a), which provides:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joining party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Discovery, including the taking of depositions, was subsequently completed by the parties. Of particular significance, we note that Defendant Helen E. Daniels testified in a deposition that she believed she had purchased both com-

prehensive and liability insurance coverage as a result of a conversation she had with an employee of the insurance agency at the time of the truck purchase, when Mrs. Daniels sought such coverage. Further, it also was established in discovery that the Plaintiff Bank required such comprehensive insurance coverage as a condition of the loan which it extended to the Defendants for the purchase of the vehicle. Following the completion of discovery, the Additional Defendants filed a Motion for Summary Judgment, which was granted by Cambria County Judge Eugene Creany on December 9, 1980, when he issued an Order dismissing the Additional Defendants from the case. Judge Creany's rationale will be discussed later in this Opinion. The Defendants filed the instant appeal.[1] After a thorough review of the record, and consideration of the issue presented, we have concluded that Judge Creany has erred and that a reversal is mandated.

It is clear that the issue raised in the instant case is directly on point to that presented to this Court in *Eads v. Smith*, 276 Pa.Superior Ct. 129, 419 A.2d 129 (1980). In that case, a plaintiff brought an action to recover damages allegedly arising from injuries he sustained when struck by a vehicle owned and operated by the defendant. The defendant sought to join an insurance agent as an additional defendant on the basis that the agent had assured him that a policy providing coverage against the claim had previously been issued. The lower court sustained the agent's motion to strike and dismissed the complaint against the additional defendant. We reversed, holding that the proper interpretation of Rule 2252(a) is a broad one, and that the purported indemnitor insurance agent could be joined as an additional defendant. In *Eads*, our Court allowed joinder because we found that the defendant's cause of action against the additional defendant arose, at least in part, from the *same occurrence* upon which the plaintiff's cause of action was based. There we found that the additional defendant would

---

1. The Plaintiff Bank has not participated in the instant appeal, which solely involves the issue of whether the dismissal of the Additional Defendants from the case was correct.

not have been obligated to indemnify the defendant or provide a defense if the plaintiff had not sued the defendant to recover damages. The same situation obviously exists in the setting of the instant case. Judge Creany recognized the *Eads* decision, but expressly stated that he relied upon the Dissenting Opinion of Judge Hester in that case. While Judge Hester's thoughtful Dissenting Opinion is certainly worthy of respectful consideration, it simply does not comprise precedent, and is certainly not controlling law in these circumstances. We further note that Judge Creany attempted to find support for his conclusions in the holding of this Court in *Szemanski v. Vulcan Materials Co.*, 272 Pa. Superior Ct. 240, 415 A.2d 92 (1979), a case relied upon by the majority in *Eads*. Suffice it to state that we find that the basic holding in *Szemanski* strongly supports the rationale of the majority of this Court in *Eads*, and provides no basis for the lower court's decision in the instant case.

We therefore conclude that the lower court erred in granting summary judgment and dismissing the Complaint filed by the Defendants against the Additional Defendants.

Reversed and remanded. Jurisdiction is not retained.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I dissent for the reasons set forth in my dissenting opinion in *Eads v. Smith*, 276 Pa.Super. 129, 419 A.2d 129 (1980). In *Eads* I was of the opinion that the court's reliance on the holding in *Szemanski v. Vulcan Materials Company*, 272 Pa.Super. 240, 415 A.2d 92 (1979) was misplaced. I there stated:

> I have reviewed the majority opinion and the case of *Szemanski* (supra) upon which the majority so heavily relies. I conclude, however, that the majority's reliance upon *Szemanski* is misplaced and I therefore would affirm the order of the lower court.
>
> The additional defendant joined in *Szemanski*, pursuant to Pa.R.C.P. 2252(a), was a party who allegedly agreed, as

part of a construction contract, to indemnify the original defendant against loss on the cause of action complained of by plaintiff in his original complaint.

There is no doubt that amended Rule 2252(a) has expanded the parameter whereby joinder of additional defendants is permissible. Joinder is now permitted "if the proposed additional defendant may be (1) alone liable to the plaintiff on the cause of action declared upon by the plaintiff, (2) liable over to the defendant in regard to such cause of action, (3) jointly or severally liable with the defendant to the plaintiff on such cause of action, or (4) liable to the defendant on any cause of action which he may have against the additional defendant arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

However, there are restrictions; [A]n additional defendant cannot be joined on the basis of a claim wholly unrelated to the claim of the plaintiff against the defendant . . . [j]oinder remains improper if based upon a completely extraneous cause of action, not related to the occurrences or transactions upon which the plaintiff's cause of action is based." Goodrich-Amram 2d, Vol. 8, § 2252(a): 5, p. 36.

In *Szemanski*, the court permitted the joinder of an express indemnitor on the theory that the original defendant's cause of action against it, although not the same cause of action as alleged by plaintiff against the original defendant, is related to it. The court in *Szemanski*, apparently concluded that there existed a close enough nexus between plaintiff's cause of action against original defendant and the original defendant's related cause of action against the additional defendant to permit the joinder.

In *Szemanski*, supra, Vulcan, the original defendant, and United Industrial Maintenance, the additional defendant, entered into a contract whereby United agreed to make certain repairs to a crane owned by Vulcan. As part of that

same contract, United agreed to indemnify Vulcan against all claims which might arise out of the performance of the contract. There, the additional defendant's indemnity obligation was part and parcel of the original undertaking. In *Szemanski*, we held at 415 A.2d 95: "The 1969 amendment was intended to modernize additional defendant practice. The language of the amended rule is broad enough to permit the joinder of *express indemnitors*." We further stated there: "In the instant case, defendant sought to join as an additional defendant a party *who was not an insurer* but who is alleged to have agreed as part of a construction contract to indemnify defendant against loss on the cause of action pleaded by plaintiff; we hold that such a joinder is permitted by Pa.R.C.P. 2252(a)." (Emphasis added). The additional defendant assumed that contingent liability as part of the original undertaking between the parties.

Our holding in *Szemanski*, permitting the joinder of an express indemnitor was improperly extended by the Eads Court to include an insurance agent. Eads sued Smith for injuries resulting from Smith's negligent operation of a motor vehicle. Smith attempted to join Oaten, his insurance agent, as an additional defendant. The majority of this court held that: "defendant's cause of action against additional defendant arises, at least, in part, from the same occurrence upon which the plaintiff's cause of action is based." This reasoning is beyond comprehension. The facts upon which the plaintiff's cause of action in *Eads* was structured, was that the defendant, while operating his motor vehicle, struck the plaintiff while he was riding his bicycle, causing serious injuries. The facts upon which the defendant's cause of action against the additional defendant was structured, was that the additional defendant failed to provide insurance coverage for defendant's motor vehicle when allegedly instructed to do so by defendant. One cause of action has nothing to do with the other. They are in no manner related.

In the instant case, it cannot be argued that the proposed additional defendant may be alone liable to the plaintiff-

bank for the original defendant's failure to meet its obligation; nor can it be argued that the additional defendant may be liable over to the original defendant, or jointly or severally liable with the original defendant to the plaintiff-bank, or liable to the original defendant on any cause of action which the original defendant may have against the proposed additional defendant which arises out of the transaction or occurrence, or series of transactions or occurrences upon which the plaintiff's cause of action is founded.

In my judgment, the defendant's claim against the proposed additional defendant is wholly unrelated to the plaintiff-bank's claim for monies due and owing.

I would, therefore, affirm the order of the court below disallowing the joinder of the additional defendant.