## Pocono Mountain Joint School Authority v. Basco Associates

THOMSON, *P.J.,* October 28, 1982—Home Mutual Insurance Company (hereinafter referred to as Home Mutual) has filed preliminary objections in this matter. Home Mutual is objecting to West End Electrical Inspection Service (hereinafter referred to as West End) joining them as an additional defendant.

Home Mutual was West End's business insurer from the period of July 24, 1979 to July 24, 1980. West End is in the business of electrical inspection. On October 3, 1979, West End was employed by plaintiff in this action to conduct an inspection. Twelve days later, however, a fire occurred on that job site causing destruction to the entire building. Home Mutual has taken the position that their contract with West End does not provide coverage for losses incurred while West End was not on the job site. West End is asserting that Home Mutual is liable under the contract and is properly before this court as an additional defendant.

West End seeks to join Home Mutual as an additional defendant under Pa.R.C.P. 2252. The relevant section of that rule is as follows:

"Rule 2252. *Right to Join Additional Defendants*
(a) In any action the Defendant or additional Defendant may, as the joining party, join as an additional Defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the Plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the Plaintiff's cause of action is based."

The issue Home Mutual raises is whether a general insurer, as opposed to a specific indemnifier, may be properly joined as an additional defendant. This issue has become troublesome in recent years since the liberalization of Rule 2252 in 1969 with the purpose of eliminating multiple law suits arising from the same occurrence or series of occurrences: Free v. Lebowitz, 463 Pa. 337, 344 A. 2d 866 (1975).

Both parties here cite Szemanski v. Vulcan Materials Co., 272 Pa. Superior Ct. 240, 415 A. 2d 92 (1979) as authority for their argument. Home Mutual interprets Szemanski as holding that while specific indemnifiers are the proper subject for joinder under Rule 2252(a), general insurers are not within the realm contemplated by the statute. Home Mutual quotes the Szemanski court as follows:

"In the instant case, Defendant sought to join as an additional Defendant a party *who was not an insurer* but who is alleged to have agreed as part of a construction contract to indemnify the Defendant against loss on the cause of action pleaded by Plaintiff."

The Szemanski Court further made the distinction between express indemnifiers and general insurers in footnote 4. Id., 415 A. 2d at 95. Home Mutual feels that this dicta positively shows the Superior Court's unwillingness to extend joinder of additional defendants to general insurers.

West End alternatively argues that the generally broad language of Szemanski has paved the way for courts to permit joinder of general insurers as additional defendant. Within a year of the Szemanski decision, the Superior Court again had the opportunity to rule on this issue in Eads v. Smith, 276 Pa. Superior Ct. 129, 419 A. 2d 129 (1980). The Superior Court in a two to one decision ruled that a general insurance agent could be joined without a specific indemnity agreement. The Eads court held that this holding is in keeping with the liberal purposes of the rules. Id., 419 A. 2d at 131.

We agree with West End that Rule 2252(a) has been expanded to the point of accomodating the joinder of general insurers as additional defendants. Traditionally, courts had been reluctant to join such defendants because additional evidence concerning the policy might possibly confuse the jury. The Eads court held: "We conclude that this is not a sufficient basis to disallow joinder under Rule 2252(a)." Id., 418 A. 2d at 131.

The unmistakable trend in the development of Rule 2252(a) is to permit the joinder of general insurers. See also General Felt Industries v. Penn-Dion, 17 D. & C. 3d 757 (1981) and U.S. Nat. Bank in Johnstown v. H&D Leasing, _____ Pa. Superior Ct. _____, 445 A. 2d 826 (1982). We feel that the distinction made in Szemanski between general insurers and express indemnitors has since become blurred to the point of extinction.

## ORDER

And now, October 28, 1982, Home Mutual's preliminary objections are hereby denied.