## Mayer v. Maryland Casualty Co.

*John Koopman*, for plaintiff.
*Richard W. Hopkins*, for defendant.
*Charles B. Blakinger*, for additional defendant.

KELTON, *J.*, November 3, 1982—This case is before us on a motion to join an additional defendant. Plaintiffs, as executors and heirs, filed a complaint against original defendant Maryland Casualty Company (Maryland) for failure to pay an insurance claim on a fire policy issued in the name of their deceased mother. We denied Maryland's summary judgment motion in late December, 1981. Now Maryland has filed a petition for leave to join as additional defendant the insurance agent Robert L. Mitchell, who allegedly knew that plaintiffs' mother had died and who subsequently issued a policy naming decedent as the insured.

Pa.R.C.P. 2252(a) provides for joinder of additional defendants if the joining party's cause of action arises " . . . out of the transaction or occurrence or series of transactions or occurrences upon which plaintiff's cause of action [against the original defendant] is based." Maryland cites Eads v. Smith, 276 Pa. Superior Ct. 129, 419 A. 2d (1980) and U. S. National Bank v. H & D Leasing, Inc. 299 Pa. Superior Ct. 422, 445 A. 2d 826 (1982) as authority for its right to join the insurance agent. Although, as plaintiff points out, these cases involve different situations where an *individual* defendant who was being sued sought to join an insurance agent for failing to properly provide coverage, we believe the same principles apply in a case such as this where individual plaintiffs sue their own insurer for enforcement of rights under their insurance policy and the insurer claims that its agent has improperly issued a policy.

Although defendant's petition to join came 14 months after plaintiffs' complaint, Maryland Casualty has shown cause for the exercise of our discre-

tion to permit a late joinder of agent Mitchell under Pa.R.C.P. 2253. First, the *right* to joinder has only recently been clarified in Eads and U. S. National Bank; and second, defendant did experience some delay in ascertaining through pre-trial discovery all of the facts necessary for preparation of a joinder complaint.

One final comment may be appropriate. We recently completed jury trial in the Eads case after its remand from the Superior Court. The case was bifurcated by us at trial under Pa.R.C.P. 213(b) and neither the trial judge nor the jury experienced any problems in separating the issues. The only problems if any which were encountered were caused by witnesses' difficulty in remembering at trial the events which occurred eight and one-half years earlier. Those problems were caused by the pre-trial arguments and appeals about whether or not to join, not by the joinder itself. Justice will be better served here by a prompt closing of the pleadings and listing of the matter for trial. If any party's rights to a prompt trial are unduly interfered with by improper delays, we will be able to remedy that problem with an appropriate severance order, sanction order or other proper relief including court limitation of excessive discovery. On our own motion we direct that a pre-trial conference be held for the purpose of expediting the disposition of remaining pre-trial issues.

## ORDER

And now, November 3, 1982, defendant Maryland Casualty Company's motion to join additional defendant is hereby granted. All parties are directed to appear by counsel at a pre-trial conference in the chambers of the undersigned on Tuesday, November 17, 1982 at 9:00 a.m.